RXC 8/3/01 13:33

3:01-CV-01420 RIVER COLONY ESTATES V. BAYVIEW FINANCIAL

*1*

*NTCREM.*

GREENBERG TRAURIG, LLP
LAURA D. CASTNER (SBN 172362)
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

GREENBERG TRAURIG, P.A.
PEDRO J. MARTINEZ-FRAGA
MICHELLE A. FONGYEE
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

Attorneys for Defendants
BAYVIEW FINANCIAL TRADING GROUP, INC.,
BAYVIEW FINANCIAL TRADING GROUP, L.P., and
BFTG HOLDING COMPANY, INC.

FILED
AUG - 2 2001
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

'01 CV 1420 IEG (CGA)

| | |
|---|---|
| RIVER COLONY ESTATES GENERAL PARTNERSHIP, a California General Partnership; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>BAYVIEW FINANCIAL TRADING GROUP, INC., a Florida corporation; BAYVIEW FINANCIAL TRADING GROUP, L.P., a Delaware limited partnership; BFTG HOLDING COMPANY, INC., a Florida corporation; AMERICAN PORTFOLIO MORTGAGE CORPORATION, a Nevada corporation; PAUL KESSEL, individually; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |



ORIGINAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendants Bayview Financial Trading Group, Inc. (now known as BFTG Holding Company, Inc.), Bayview Financial Group, L.P, and BFTG Holding Company, Inc. (formerly known as Bayview Financial Trading Group, Inc.) (collectively referred to herein as the "Bayview Defendants"), hereby remove to this Court the State Court action styled River Colony Estates General Partnership, et al. v. Bayview Financial Trading Group, Inc., et al., Case No. GIC 762952, currently pending in the Superior Court of the State of California for the County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1441 and 1446. The grounds for removal are set forth below.

1. On or about February 26, 2001, Plaintiffs commenced this action against the Bayview Defendants in the Superior Court of the State of California for the County of San Diego (the "State Court") by filing a complaint captioned River Colony Estates General Partnership, et al. v. Bayview Financial Trading Group, Inc., et al. (the "State Court Action").

2. The first date upon which the Bayview Defendants, or any of them, received a copy of the operative complaint in the State Court Action, through service or otherwise, was July 3, 2001, when each of the Bayview Defendants was served with a Summons on First Amended Complaint, Attachment to First Amended Summons, and the First Amended Complaint in the State Court Action. A true and correct copy of the First Amended Complaint for Damages for: (1) Rescission and Damages Based on Unilateral Mistake of Fact; (2) Negligence; (3) Conspiracy to Breach [sic] of Fiduciary Duty; (4) Aiding and Abetting Breach of Fiduciary Duty; (5) Conspiracy to Commit Fraud; (6) Aiding and Abetting Fraud; (7) Conversion; (8) Unfair Business Practices, dated June 28, 2001, is attached hereto as Exhibit "A." True and correct copies of the Summonses on First Amended Complaint and Attachments thereto, served on of each of the Bayview Defendants, are attached hereto as Exhibit "B." The documents attached as Exhibits A and B constitute copies of all process, pleadings and orders served upon the Bayview Defendants, or any of them, in the State Court Action.

3. Attached hereto as composite Exhibit C are true and correct copies of all other documents on file in the State Court action as of Friday, July 27, 2001, consisting of:

a. Civil Case Cover Sheet;

b. Complaint for Damages for: (1) Rescission and Damages Based on Unilateral Mistake of Fact; (2) Negligence; (3) Conspiracy to Breach [sic] of Fiduciary Duty; (4) Aiding and Abetting Breach of Fiduciary Duty; (5) Conspiracy to Commit Fraud; (6) Aiding and Abetting Fraud; (7) Conversion, dated February 26, 2001;

c. Notice of Case Assignment;

d. Peremptory Challenge;

e. Notice of Case Reassignment;

f. Notice of Failure to Comply;

g. OSC – Minutes/Order of the Court;

h. Declaration of Peter R. Thompson in Support of Certificate of Inability to Respond;

i. Certificate of: Progress; Inability to Respond; Inability to Default; Certificate of Service; and

j. Certificate of Service.

None of the Bayview Defendants were served at any time with the original Complaint filed on February 26, 2001, or with any of the other documents attached hereto as Exhibit C. To the Bayview Defendants' knowledge, no proceedings other than those reflected in the State Court file have been held in the State Court.

4. This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because: (1) this action is a civil action between citizens of different states, and complete diversity of citizenship between the parties exists now, and existed at the time the First Amended Complaint was served; and (2) the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

///

***Diversity of Citizenship***

5. There are three separate corporate plaintiffs and several individually-named plaintiffs. According to the First Amended Complaint, Plaintiff River Colony Estates General Partnership is a California general partnership with its principal place of business in San Diego County, California. *See* First Amended Complaint, at ¶ 1. Plaintiff River Colony (U.S.) Limited Partnership is alleged to be a Canadian corporation incorporated in Vancouver, British Columbia. *Id.* All of the individuals plaintiffs are alleged to be residents of the country of Canada. *Id.* at ¶ 2. Upon information and belief, all of the individual plaintiffs are citizens of Canada.

6. Plaintiffs allege, and the Bayview Defendants confirm, that Bayview Financial Trading Group, Inc. is a Florida corporation, Bayview Financial Trading Group, L.P. is a Delaware limited partnership, and BFTG Holding Company, Inc. is a Florida corporation. Each of the Bayview Defendants has its principal place of business in Miami, Florida.

7. The First Amended Complaint alleges that co-defendant American Portfolio Mortgage Corporation ("APM") is a Nevada corporation and that co-defendant Paul Kessel ("Kessel") is a resident of the State of Illinois. *Id.* ¶¶ 6-7. Upon information and belief, APM is a Nevada corporation with its principal place of business in Illinois, and Kessel is domiciled in and a citizen of Illinois.

8. Accordingly, complete diversity exists in this action because only one of the plaintiffs is a citizen of California and none of the defendants are citizens of California.

9. Each of APM and Kessel have consented to the removal of the State Court Action to this Court.

***Amount in Controversy***

10. In the First Amended Complaint Plaintiffs have claimed entitlement to at least $1.6 million that was allegedly improperly paid to Defendant Kessel or Defendant APM. *See* First Amended Complaint, at ¶ 47. Therefore, it is apparent from the face of the First Amended

Complaint that the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

11. This Notice of Removal is filed within 30 days of July 3, 2001, the date on which all of the Bayview Defendants were served with the Summons on First Amended Complaint, Attachment to First Amended Summons, and the First Amended Complaint. It is therefore timely under 28 U.S.C. § 1446(b).

12. Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiffs, and a true copy of this Notice of Removal and the accompanying documents will be filed with the Clerk of the State Court, as required by 28 U.S.C. § 1446(d).

DATED: August 2, 2001

GREENBERG TRAURIG, LLP

By [signature]
LAURA D. CASTNER
Attorneys for Defendants
BAYVIEW FINANCIAL TRADING GROUP, INC., BAYVIEW FINANCIAL TRADING GROUP, L.P., and BFTG HOLDING COMPANY, INC.

EXHIBIT A

Peter R. Thompson, Esq.
State Bar #96187
THOMPSON & THOMPSON, APC
550 West "C" Street, Suite 950
San Diego, California 92101
Telephone: (619) 233-7528
Telecopier: (619) 233-7535

2001 JUN 29 P 3:21

Attorneys for Plaintiffs
RIVER COLONY ESTATES GENERAL PARTNERSHIP,
RIVER COLONY (U.S.) LIMITED PARTNERSHIP, RIVER COLONY MANAGEMENT, INC.,
and the individual investors

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| RIVER COLONY ESTATES GENERAL PARTNERSHIP, a California General Partnership; RIVER COLONY (U.S.) LIMITED PARTNERSHIP, a Washington Limited Partnership; RIVER COLONY MANAGEMENT, INC., a Canadian Corporation; 363864 ALBERTA LTD.; ELMER ALBEE; JULIE ALBEE; NAVROZ ALLIBHAI; ADELIA ALTWASSER; EDMUND ALTWASSER; BRAD ANDERSON; RICHARD ANDERSON; OLAFUR ANDERSON; MAE ANDERSON; RONALD BACON; OLIVE BAPTISTA; ANGELO BAPTISTA; JOHN BARFORD; JEAN BARRON; MYLES BARRON; ROSS BARTELL; GERALD BAXTER; CHRISTINE BAXTER; SCOTT BECK; CHRISTINE BECK; EUGENE BEGERT; NORMAN BENNETT; MARY BENNETT;; KEITH BEVANS; SULTAN BHERIANI; ZIBA BHERIANI; PAULETTE BIGGAR; DOUG BIGGAR; BRUCE BILSKY; CINDY BILSKY; DAVID BISSELL; OLIVE BISSELL; KENNETH BJARNASON; JEAN BOUCHER; ALINE BOUCHER; ROSS BRACKEN; ROSEMARY BRACKEN; CHARLES BRADLEY; DEBORAH BRADLEY; CHRIS BRODEUR; JOHN BROOME; BETTY BROOME; KENNETH BROWN; SHIRLEY BROWN; COURTNEY BROWN; WENDY BRUNELLE; DOUG BULAT; RAYMOND BULL; TERRY BULL; DAVID BURGHER; CATHARINA BURGHER; | CASE NO. GIC 762952<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES FOR: (1) RESCISSION AND DAMAGES BASED ON UNILATERAL MISTAKE OF FACT; (2) NEGLIGENCE; (3) CONSPIRACY TO BREACH OF FIDUCIARY DUTY; (4) AIDING AND ABETTING BREACH OF FIDUCIARY DUTY; (5) CONSPIRACY TO COMMIT FRAUD; (6) AIDING AND ABETTING FRAUD; (7) CONVERSION; (8) UNFAIR BUSINESS PRACTICES<br><br>Dept: 72<br>I/C: Honorable J. Richard Haden<br>Action Filed: 02/26/01 |

BRYCE CAHOON; GERRY CAIRNS; CLAIR CALLAHAN; MARJORIE CAMPBELL; ALLEN CAMPBELL; GEORGE CARSTED; HELEN CARSTED; CASTLE HOLSTEINS LTD.; ARMENIO CEVRAINI; YVONNE CHAMBERS; DONALD CHAMBERS; WINSTON CHAN; ROGER CHAREST; GARY CHILIBECK; DALTON CHUTE; BARBARA CHUTE; BRIAN CLARE; LAURIE CLARE; IAN CLIMIE; ANTHONY COLE; WENDY COLE; MARILYN COLLINS; CHARLES JAMES COLLYER; PATRICIA COLLYER; ANTHONY COND; DEBORAH COND; EDMOND CONDON; PATRICIA CONNAUTON; RON COOPER; ROBERT CORBETT; MARIE CORBETT; ROBERT CORBETT; LEON COURNEYA; THOMAS COUTURIER; LORI COUTURIER; ERICA CREE; WALTER CUELL; ROY CUNNINGHAM; MERLE CUNNINGHAM; RITA DAHLKE; SATYA DANU; RONALD DAVIDSON; JANET DAVIDSON; OLGA DE SANCTIS; PAUL KOEGLER; CLEM DEGOBBI; WILMA DEGROW; DENNIS DEIBERT; JACK DEJONG; DIANNE DEJONG; MARC DEVERDENNE; DANA DEVERDENNE; DONNIE DEWHIRST; DARCY DRYSDALE; EDITH DUMONT; GORDON DUNN; LEONARD EDMONDSON; JOHN EMPEY; ROBERTO ENOJO; GORDON EVERS; WENDY EVERS; HERVE FAUCHER; NOELLA FAUCHER; DONALD FENSKE; UGO FIORETTI; FIVE (K) LIVESTOCK LTD.; LARRY FLEMING; ARTHENA FLEMING; FREDERICK FRASIER; JOHN FRASER; GERALD GABORAK; RAY GAUMONT; LORRAINE GAUMONT; CONRAD GAUMONT; DEVERE GIBB; ANIL GIGA; JOYCE GODDARD; MURIEL GODWIN; KEN GORDON; BRENDAN GREEN; HOWARD GUEST; SHEENA GUEST; ALBERT HACKING; SHIRLEY-ANNE HACKING; ANNA HALL; GORDON HAMILTON; SANDRA HAMILTON; RONALD HAMILTON; CECILIA HAMILTON; PATRICK HAMILTON; ABDULLA HARJI; MARK HARRISON; MELANIE HARRISON; HAROLD HAUCA; TODD HEGG; RONALD HENDERSON; JOHN HENDERSON; DEAN HERBERT; PATRICIA HERBERT; )

GORDON HILLMAN; BRIAN HJORLEIFSON; CHARLENE HJORLEIFSON; ARLENE HOAR; MARJORIE HOLLAWAY; ROEFOF HOOGKAMP; TINA HOOGKAMP; HANS HORN; NICK HRYHIRCHUK; IAN HUNTER; LEONARD JACOBS; JANINE JACOBS; FOSTER JANSEN; CLIFF JASPERSON; TERRANCE JELLICOE; GORDON JOHNSEN; LAURENT JOHNSON; HOWARD JOHNSON; JANEEN JOHNSON; ERNEST JOHNSON; CARLEEN JOHNSON; KIM JOHNSON; MEBS JUMA; SHAMIN JUMA; JEANNE KALLAL; ABDUL KANJI; JOSEPH KEATES; WAYVE KEEDWELL; EUGENE KELLER; LINDA KELLER; RUSSELL KING; KERRY KLEIM; THOMAS KOFIN; GARRY KOHLRUSS; WILLIAM KOLBERG; KEITH KONRAD; JOHN KOWERCHUK; KATHRYN KOWERCHUK; JAMES KRELL; STEVE KRISTOFFY; ALDYTH KRISTOFFY; AZIM LAKHOO; ALTAZ LALANI; JOHN LAMOUREUX; WAYNE LEE; SAI BOND LEE; GERARD LEFEBVRE; ALLEN LEPAN; DAVID LESTER; GRANT LETENDRE; PEGGY LEUNG, also known as PEGGY CHIU BLACK; JOHN LEWIS; BRUCE LOUNDS; MICHAEL MACNEILL; KEN MALTERER; NAZIR MANJI; MANZ DEVELOPMENTS, INC.; FRED MATER; JAMES MCCLURE; CHARLES MCGREGOR; RITA MCGREGOR; NAZIR MEGHANI; ALLAN MELLETT; KAREN MELLETT; RICK MELNYCHUK; JODI MELNYCHUK; EUGENE MISHIO; BRUCE MOIR; PAUL MORFORD; GARY MORGAN; JOAN MORGAN; DAVE MORRIS; DONNA MORRISON; MYRNA MOULTON; HANIF MULJI; DOREEN MYERS; HAROLD NELSON; DIANNE NIKIFORUK; ELAINE O'HARE; KEITH OLSEN; FAY OLSEN; LAWRENCE OMELIAN; MARLENE OMELIAN; NEIL ORR; SHIRLEY ORR; DONALD OSBOURNE; JOHN PANKHURST; RUTH PANKHURST; DAVID PARKER; DENNIS PASENAU; ALEXANDER PENMAN; LORIN PITCHER; MARGARET PITCHER; )

JOHN PONTO; VICTOR POULIN; LEORA POULIN; SHIRLEY PREPCHUK; DAVID PRETE; CARL PRIMUS; GRACE PRIMUS; STUART PROCTOR; PATRICIA PROCTOR; PROWEST PARTITION INSTALLATION SERVICES, LTD.; JOHN RADOMSKY; NETTIE RADOMSKY; MARVIN REEVES; LAWRENCE REIERSON; BRIAN REINBOLT; GORDON RITCHIE; JOHN RITTER; SHIRLEY RITTER; ELAINE RITTER; MYRNA ROSS; JOHN ROWE; LOTHAR RUECKER; BRIJ SABHARWAL; DAVID SCHAUS; DOUGLAS SCHIERMAN; MELVIN SCHNEIDER; ROSEMARIE SCHNEIDER; LYNN SCHULTZ; TERRANCE SCULLY; LEONARD SEMRAU; HELEN SEMRAU; DANIEL SHANK; BEVERLY SHANK; JAGDISH SINGH; GERALD SMETANIUK; JONATHAN SMETHRUST; BARRY SMITH; ROSEMARIE SMITH; BARBARA SPEAR; MARCEL ST. ARNAUD; ANNETTE ST. ARNAUD; LEO ST. ARNAUD; NORM ST. ARNAUD; KATHIE ST. ARNAUD; ESTELLE ST. PIERRE; JOHN STEEVES; LOIS STEEVES; DALE STENGEL; HOLLY STENGEL; CHRIS STEUDLER; NANCY NELLIS STEUDLER; STEVEN MK HOPE PROFESSIONAL CORPORATION; TIM STEWART; JAMES STORBAKKEN; SANDY STORBAKKEN; KENNETH STOTT; RICHARD SUGGITT; NIZAR SUNDERJI; THERESE SWAN; PATRICIA SWAN; DONALD SWAN; RICHARD SWAN; JEANETTE TAUBER; ERIC TELFORD; EVELYN TELFORD; JAMES TENNANT; GORDON THOM; HARRY THOMAS; WILMA THOMPSON; WALTER TSUMURA; SHIRLEY TSUMURA; JOHN TUCKER; ALANA TUCKER; EUGENE TURRIS; SAMSHERALI VALJI; MICHAEL VAN STRAUBENZEE; SAM VANDERENDE; GILES VOYER; MICHELLE VOYER; JAMES WALKER; ANNA WALKER; LINDA WEIGL; FRANK WELFL; EVA WELFL; JOSEPH WIDEMAN; RAYMOND WIEBE; DELOY WIGHT; KEN WILHELM; BONNIE WILHELM; JOSEPH WLASITZ; CHRIS WOLANSKY; DIANE WOLANSKY; JOHN WOOLMER; )

| | |
|---|---|
| ANNETTE WOOLMER; JIMMY WU; SHIRLEY WU; JAMES YIH; GEORGE YIP; KRISTA YIP, | ) |
| Plaintiffs, | ) |
| vs. | ) |
| BAYVIEW FINANCIAL TRADING GROUP, INC., a Florida Corporation; BAYVIEW FINANCIAL TRADING GROUP, L.P., a Delaware Limited Partnership; BFTG HOLDING COMPANY, INC., a Florida Corporation; AMERICAN PORTFOLIO MORTGAGE CORPORATION, a Nevada Corporation; PAUL KESSEL, INDIVIDUALLY; AND DOES 1 THROUGH 50, INCLUSIVE, | ) |
| Defendants | ) |

Plaintiffs allege:

## GENERAL FACTUAL ALLEGATIONS

1. Plaintiff, RIVER COLONY ESTATES GENERAL PARTNERSHIP (hereinafter referred to as "RIVER COLONY") is a California General Partnership and doing business under the laws of the State of California with its principal place of business in San Diego County, California. RIVER COLONY holds an interest in developed real estate located in the Mission Valley area of San Diego and commonly known as the River Colony Project. Plaintiff RIVER COLONY (U.S.) LIMITED PARTNERSHIP (hereinafter referred to as "RIVER COLONY (U.S.)") is a Washington Limited Partnership and doing business under the laws of the State of Washington and is a general partner in RIVER COLONY. Plaintiff RIVER COLONY MANAGEMENT, INC. (hereinafter referred to as "RCMI") is a Canadian Corporation, incorporated in Vancouver British Columbia, Canada and is the successor-in-interest to River Colony Estates Capital, Limited, a Canadian Corporation, and is a general partner in RIVER COLONY.

2. All of the individually named Plaintiffs set forth in the caption are residents of the country of Canada and are investors in the River Colony project as limited partners and/or debenture holders. The names of the individually named Plaintiffs set forth in the caption are incorporated herein by reference as though fully set forth.

3. Plaintiffs are informed and believe that Defendant Bayview Financial Trading Group, Inc., (hereinafter "BAYVIEW INC.") is a Florida corporation which in some form or fashion owns or owned an interest in certain loans made in California to Plaintiffs and trust deeds relating to the River Colony Project.

4. Plaintiffs are informed and believe that Defendant Bayview Financial Trading Group, L.P. (hereinafter "BAYVIEW LP"), is a limited partnership, registered as such in the State of Delaware which in some form or fashion owns or owned an interest in certain loans made in California to Plaintiffs and trust deeds relating to the River Colony Project.

5. Plaintiffs are informed and believe that Defendant BFTG Holding Company, Inc.(hereinafter BFTG), is a Florida Corporation which in some form or fashion owns or owned an interest in certain loans made in California to Plaintiffs and trust deeds relating to the River Colony Project.

6. Plaintiffs are informed and believe that Defendant American Portfolio Mortgage Corporation (hereinafter APM) is a Nevada Corporation which in some form or fashion owns or owned an interest in and/or made or arranged certain loans made in California to Plaintiffs relating to the River Colony Project.

7. Plaintiffs are informed and believe that Defendant Paul Kessel (hereinafter KESSEL) is the President of APM, a resident of the State of Illinois and individually benefitted from certain loans made in California to Plaintiffs relating to the River Colony Project.

8 Defendants, DOES 1 through 50, inclusive, are fictitious names of defendants whose true names and capacities, whether individual, corporate, associate, partner or otherwise, are unknown to Plaintiffs at this time. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each defendant sued herein as a DOE was acting for itself or as an agent, servant, partner and/or employee of his or her co-defendants, and in doing the things hereinafter mentioned, was acting in the scope of his or her authority as such agent, servant, partner and/or employee, and with the permission and consent of his or her co-defendants; and that each of said fictitiously-named defendants, whether acting for itself or as agents, corporations, associations, partners or otherwise, is in some way liable or responsible to Plaintiffs either vicariously or otherwise on the facts hereinafter alleged and caused injuries and damages legally thereby, as hereinafter alleged, and at such time as Defendants' true names and capacities become known to Plaintiffs, Plaintiffs will ask leave of court to amend this complaint to insert said true names and capacities as DOE Defendants.

9. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, Defendant BAYVIEW INC., BAYVIEW LP, BFTG, the DOE Defendants, and each of them, were acting as agents, servants, partners and/or employees of each other, and were acting within the full course and scope of their employment, partnership and/or agency with the full knowledge and consent, either express or implied, of each of the other Defendants.

10. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, Defendant APM, KESSEL, the DOE Defendants, and each of them, were acting as agents, servants, partners and/or employees of each other, and were acting within the full course and scope of their employment, partnership and/or agency with the full knowledge and consent, either express or implied, of each of the other Defendants.

11. In connection with the acquisition of the River Colony project, a real estate apartment/condominium project named River Colony located in San Diego California., a promoter named Kerry Dix issued a Confidential Offering Memorandum (hereinafter OM) soliciting investments in a limited partnership and/or purchase of debentures from an entity which would in turn loan the debenture money to the limited partnership. The money invested would thereafter be used to make down payments on individual units in the River Colony project and loans would be obtained in accordance with the terms and conditions set forth in the OM by each of the Plaintiffs to finance the balance of the purchase of the individual units and thus the entire River Colony project.

12. In or about March 1997, Kerry Dix obtained a Durable Special Power of Attorney (hereinafter the DSPA) from each of the individually named Plaintiffs in order to among other things, sign the loan documents to close the loan as set forth in the OM.

13. On or about June 3rd and 4th , 1997, Kerry Dix wrongfully and fraudulently used the DSPA to sign loan documents for each of the Plaintiffs, said loans being from APM and on terms substantially and materially different than those terms set forth in the OM causing the Plaintiffs to pay loan fees and interest substantially in excess of the amounts disclosed in the OM. Plaintiffs are informed and believe that defendants herein were aware prior to funding that the loan documents varied substantially and materially from the terms set forth in the OM and that Plaintiffs were not notified of the changes or variance.

14. On or about July 3, 1997, Plaintiffs acquired a real estate apartment/condominium project named River Colony or individual units therein located in San Diego California.

15. As a direct result of the conduct alleged herein, Plaintiffs have suffered and will continue to suffer damages, including but not limited to, loss of substantial money on closing the transaction (to third parties and to Defendants herein) which they otherwise would not have had to pay, became obligated to loans at a higher cost than disclosed in the OM, and had investment money diverted to third parties and not to the River Colony project, all in accordance with the evidence to be presented at trial.

## FIRST CAUSE OF ACTION

(Rescission and damages based on Unilateral Mistake of Fact against all defendants)

16. Plaintiffs repeat, replead and incorporate by reference each and every allegation of paragraphs 1-15 above.

17. Plaintiffs are informed and believe that Defendants BAYVIEW INC., BAYVIEW LP AND BFTG funded the APM loans to Plaintiffs and in doing so purchased the loans alleged herein.

18. Plaintiffs believed that the DSPA was to be used to close the loans on the terms and conditions set forth in the OM.

19. Plaintiffs were not told of the change in loan terms and payments to defendants and third parties prior to the acquisition of the River Colony project and the funding of the loans.

20. Plaintiffs did not consent to the use of the DSPA by Kerry Dix to sign loan documents whose terms varied from the terms set forth in the OM.

21. Had Plaintiffs been advised of the change in loan terms and the consequences thereof, Plaintiffs would not have consented to the use of the DSPA by Kerry Dix to sign the loan documents with APM on terms and conditions less favorable to Plaintiffs.

22. On or after July 1997, Plaintiffs discovered the circumstances under which the loan documents were executed and the consequences of the changes in terms and conditions.

23. As alleged herein, the circumstances under which the loan documents were executed constitutes a mistake of fact and therefore justifies rescission of the loan documents, reformation of the loan documents to conform to the terms set forth in the OM, and damages as herein alleged.

24. Plaintiff intends service of the summons and complaint in this action to serve as notice of rescission of the loans to Plaintiffs, reformation of the loans as alleged, and that Defendants pay damages to Plaintiffs constituting the difference in the loan terms as herein previously alleged.

## SECOND CAUSE OF ACTION

(Negligence against all defendants)

25. Plaintiffs repeat, replead and incorporate by reference each and every allegation of paragraphs 1-24 above.

26. Defendants were aware of the substantial and material differences in the terms and conditions of the loans from those set forth in the OM and those set forth in the loan documents as signed. Defendants owed a duty of care to Plaintiffs to advise Plaintiffs of the substantial and material differences in the terms and conditions of the loan documents that were being signed and/or obtain the consent of the Plaintiffs before agreeing to fund the loans or allow Kerry Dix to sign the loan documents.

27. Defendants were negligent in failing to advise Plaintiffs of the substantial and material differences in the terms and conditions of the loan documents that were being signed and/or obtain consent of the Plaintiffs before agreeing to fund the loans or allow Kerry Dix to sign the loan documents. Said negligence caused the damages to Plaintiffs as alleged herein

## THIRD CAUSE OF ACTION

(Conspiracy to Breach Fiduciary Duty against all defendants)

28. Plaintiffs repeat, replead and incorporate by reference each and every allegation of paragraphs 1-27 above.

29. Kerry Dix owed Plaintiffs a fiduciary duty as the holder of the DSPA. Kerry Dix breached that fiduciary duty by his misuse of the DSPA as alleged herein. Kerry Dix and Defendants entered into an agreement with the intent to agree or conspire and the intent to commit wrongful acts, namely a breach of Dix's fiduciary duty to Plaintiffs herein.

30. Defendants', as coconspirators with Kerry Dix and each other, conduct caused damage to Plaintiffs as previously alleged herein.

////

31. In conspiring to breach the fiduciary duty of Kerry Dix to Plaintiffs and in doing the acts herein alleged, the Defendants and each of them, acted with fraud, oppression and/or malice and the Plaintiffs are therefore entitled to punitive damages all in an amount according to proof at the time of trial.

## FOURTH CAUSE OF ACTION

(Aiding and Abetting Breach of Fiduciary Duty against all defendants)

32. Plaintiffs repeat, replead and incorporate by reference each and every allegation of paragraphs 1-31 above.

33. Defendants knew of Kerry Dix's proposed conduct and that such conduct constituted a breach of fiduciary duty to Plaintiffs and gave Kerry Dix substantial assistance or encouragement to act in the manner in which he acted.

34. Defendants gave Kerry Dix substantial assistance in accomplishing a wrongful result and Defendants' conduct constituted a separate breach of duty to Plaintiffs herein.

35. Defendants' conduct as alleged herein constitutes aiding and abetting Kerry Dix's breach of fiduciary duty to Plaintiffs.

36. In aiding and abetting the breach the fiduciary duty of Kerry Dix to Plaintiffs and in doing the acts herein alleged, the Defendants and each of them, acted with fraud, oppression and/or malice and the Plaintiffs are therefore entitled to punitive damages all in an amount according to proof at the time of trial.

## FIFTH CAUSE OF ACTION

(Conspiracy to commit Fraud against all defendants)

37. Plaintiffs repeat, replead and incorporate by reference each and every allegation of paragraphs 1-36 above.

38. Kerry Dix committed fraud by his misuse of the DSPA as alleged herein. Kerry Dix and Defendants entered into an agreement with the intent to agree or conspire and the intent to commit wrongful acts, namely Dix's fraud on Plaintiffs herein.

39. Defendants', as coconspirators with Kerry Dix and each other, conduct caused damage to Plaintiffs as previously alleged herein.

40. In conspiring with Kerry Dix to commit fraud on Plaintiffs and in doing the acts herein alleged, the Defendants and each of them, acted with fraud, oppression and/or malice and the Plaintiffs are therefore entitled to punitive damages all in an amount according to proof at the time of trial.

## SIXTH CAUSE OF ACTION

(Aiding and abetting fraud against all defendants)

41. Plaintiffs repeat, replead and incorporate by reference each and every allegation of paragraphs 1-40 above

42. Defendants knew of Kerry Dix's proposed conduct and that such conduct constituted a fraud on Plaintiffs and gave Kerry Dix substantial assistance or encouragement to act in the manner in which he acted.

43. Defendants gave Kerry Dix substantial assistance in accomplishing a wrongful result and Defendants' conduct constituted a separate breach of duty to Plaintiffs herein.

44. Defendants' conduct as alleged herein constitutes aiding and abetting Kerry Dix's fraud on Plaintiffs.

45. In aiding and abetting Kerry Dix to commit fraud on Plaintiffs and in doing the acts herein alleged, the Defendants and each of them, acted with fraud, oppression and/or malice and the Plaintiffs are therefore entitled to punitive damages all in an amount according to proof at the time of trial.

## SEVENTH CAUSE OF ACTION

(Conversion against all defendants)

46. Plaintiffs repeat, replead and incorporate by reference each and every allegation of paragraphs 1-45 above.

47. At the close of escrow defendant Kessel and/or APM was wrongfully paid loan buy-down and/or loan discount and/or other fees totaling approximately $1,600,000 as part of the closing of the acquisition of the River Colony project. Said funds rightfully belonged to Plaintiffs and defendants' had no rights to said funds. Defendants had no rightful entitlement to said funds and wrongfully collected said funds from escrow and in doing so wrongfully converted said funds.

48. Shortly after the close of escrow Defendants BAYVIEW INC, BAYVIEW LP and/or BFTG withdrew funds from reserves held for payments of the loans for the period June 1, 1997 through July 3, 1997, a time period prior to the funding of the loans for the acquisition of the River Colony project.

Defendants had no rightful entitlement to said funds and wrongfully converted said funds without the permission and approval of Plaintiffs.

49. In intentionally and wrongfully converting funds belonging to Plaintiffs and in doing the acts herein alleged, the Defendants and each of them, acted with fraud, oppression and/or malice and the Plaintiffs are therefore entitled to punitive damages all in an amount according to proof at the time of trial.

## EIGHTH CAUSE OF ACTION

(Unfair Business Practices against all defendants)

50. Plaintiffs repeat, replead and incorporate by reference each and every allegation of paragraphs 1-49 above.

51. Plaintiffs are informed and believe and thereon allege that Defendants performed the above alleged acts for the purpose of injuring Plaintiffs.

52. Such conduct constitutes a violation of the Unfair Practices Act as contained in California Business & Professions Code Section 17000 *et seq.*

53. As a result of Defendants' conduct, Plaintiffs have been over charged as alleged herein and are entitled to restitution of the amounts constituting the difference paid on the loans as signed by Dix versus the terms contained in the OM, in accordance with the proof to be presented at trial, said sum trebled

WHEREFORE, Plaintiffs pray judgment against Defendants as follows:

On the First Cause of Action:

1. For rescission, reformation and damages in accordance with the proof at trial;
2. For prejudgment interest at the legal rate allow by law;
3. For costs of suit herein incurred;
4. For such other and further relief as the court may deem just and proper; and

On the Eighth Cause of Action:

1. For restitution damages in accordance with proof at trial;
2. For prejudgment interest at the legal rate allow by law;
3. For costs of suit herein incurred;
4. For treble damages;
5. For such other and further relief as the court may deem just and proper; and

On all other causes of action:

1. For damages in accordance with the proof at trial;

2. For prejudgment interest at the legal rate allow by law;

3. For costs of suit herein incurred;

4. For such other and further relief as the court may deem just and proper; and

On the third, fourth, fifth, sixth and seventh causes of action:

5. For punitive and exemplary damages in an amount in accordance with the proof presented at trial.

Dated: June 28, 2001

THOMPSON & THOMPSON, APC

By: ______________________
Peter R. Thompson
Attorney for Plaintiffs

# EXHIBIT "B-1"

FIRST AMENDED **SUMMONS** ON FIRST AMENDED COMPLAINT

***(CITACION JUDICIAL)***

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

3:30 P
7/3/01
#517

**NOTICE TO DEFENDANT:** ***(Aviso a Acusado)***

BAYVIEW FINANCIAL TRADING GROUP, INC., a Florida Corporation; BAYVIEW FINANCIAL TRADING GROUP, L.P., a Delaware Limited Partnership; BFTG HOLDING COMPANY, INC., a Florida Corporation; AMERICAN PORTFOLIO MORTGAGE CORPORATION, a Nevada Corporation; PAUL KESSEL, INDIVIDUALLY; AND DOES 1 THROUGH 50, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
***(A Ud. le está demandando)***

(See attached list of plaintiffs)

| | |
|---|---|
| You have *30 CALENDAR DAYS* after this summons is served on you to file a typewritten response at this court. | *Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.* |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | *Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.* |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | *Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosasde su propiedad sin aviso adicional por parte de la corte.* |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | *Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).* |

The name and address of the court is: *(El nombre y dirección de la corte es)*
San Diego Superior Court - Central District
330 West Broadway
San Diego, CA 92101

CASE NUMBER *(Número del Caso)*
GIC 762952

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

Peter R. Thompson, Esq. (SB#096187) (619) 233-7535 Fax No. (619) 233-7528 Phone No.
THOMPSON & THOMPSON, APC
550 West "C" Street, Suite 950
San Diego, CA 92101

DATE: *(Fecha)* JUN 29 2001 Clerk, by *(Actuario)* B. Scott, Deputy *(Delegado)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: Bayview Financial Trading Group, Inc. A Florida Corporation

under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (individual)
[ ] other:

4. [X] by personal delivery on *(date)*:

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]
Mandatory Form

(See reverse for Proof of Service)



CCP 412.20

**ATTACHMENT TO FIRST AMENDED SUMMONS**
River Colony Estates, et al. v. Bayview Financial Trading Group, Inc., et al.
**Case No.: GIC 762952**

**YOU ARE BEING SUED BY PLAINTIFFS:**

RIVER COLONY ESTATES GENERAL PARTNERSHIP, a California General Partnership; RIVER COLONY (U.S.) LIMITED PARTNERSHIP, a Washington Limited Partnership; RIVER COLONY MANAGEMENT, INC., a Canadian Corporation; 363864 ALBERTA LTD.; ELMER ALBEE; JULIE ALBEE; NAVROZ ALLIBHAI; ADELIA ALTWASSER; EDMUND ALTWASSER; BRAD ANDERSON; RICHARD ANDERSON; OLAFUR ANDERSON; MAE ANDERSON; RONALD BACON; OLIVE BAPTISTA; ANGELO BAPTISTA; JOHN BARFORD; JEAN BARRON; MYLES BARRON; ROSS BARTELL; GERALD BAXTER; CHRISTINE BAXTER; SCOTT BECK; CHRISTINE BECK; EUGENE BEGERT; NORMAN BENNETT; MARY BENNETT;; KEITH BEVANS; SULTAN BHERIANI; ZIBA BHERIANI; PAULETTE BIGGAR; DOUG BIGGAR; BRUCE BILSKY; CINDY BILSKY; DAVID BISSELL; OLIVE BISSELL; KENNETH BJARNASON; JEAN BOUCHER; ALINE BOUCHER; ROSS BRACKEN; ROSEMARY BRACKEN; CHARLES BRADLEY; DEBORAH BRADLEY; CHRIS BRODEUR; JOHN BROOME; BETTY BROOME; KENNETH BROWN; SHIRLEY BROWN; COURTNEY BROWN; WENDY BRUNELLE; DOUG BULAT; RAYMOND BULL; TERRY BULL; DAVID BURGHER; CATHARINA BURGHER; BRYCE CAHOON; GERRY CAIRNS; CLAIR CALLAHAN; MARJORIE CAMPBELL; ALLEN CAMPBELL; GEORGE CARSTED, HELEN CARSTED; CASTLE HOLSTEINS LTD.; ARMENIO CEVRAINI; YVONNE CHAMBERS; DONALD CHAMBERS; WINSTON CHAN; ROGER CHAREST; GARY CHILIBECK; DALTON CHUTE; BARBARA CHUTE; BRIAN CLARE; LAURIE CLARE; IAN CLIMIE; ANTHONY COLE; WENDY COLE; MARILYN COLLINS; CHARLES JAMES COLLYER; PATRICIA COLLYER; ANTHONY COND; DEBORAH COND; EDMOND CONDON; PATRICIA CONNAUTON; RON COOPER; ROBERT CORBETT; MARIE CORBETT; ROBERT CORBETT; LEON COURNEYA; THOMAS COUTURIER; LORI COUTURIER; ERICA CREE; WALTER CUELL; ROY CUNNINGHAM; MERLE CUNNINGHAM; RITA DAHLKE; SATYA DANU; RONALD DAVIDSON; JANET DAVIDSON; OLGA DE SANCTIS; PAUL KOEGLER; CLEM DEGOBBI; WILMA DEGROW; DENNIS DEIBERT; JACK DEJONG; DIANNE DEJONG; MARC DEVERDENNE; DANA DEVERDENNE; DONNIE DEWHIRST; DARCY DRYSDALE; EDITH DUMONT; GORDON DUNN; LEONARD EDMONDSON; JOHN EMPEY; ROBERTO ENOJO; GORDON EVERS; WENDY EVERS; HERVE FAUCHER; NOELLA FAUCHER; DONALD FENSKE; UGO FIORETTI; FIVE (K) LIVESTOCK LTD.; LARRY FLEMING; ARTHENA FLEMING; FREDERICK FRASIER; JOHN FRASER; GERALD GABORAK; RAY GAUMONT; LORRAINE GAUMONT; CONRAD GAUMONT; DEVERE GIBB; ANIL GIGA; JOYCE GODDARD; MURIEL GODWIN; KEN GORDON; BRENDAN GREEN; HOWARD GUEST; SHEENA GUEST; ALBERT HACKING; SHIRLEY-ANNE HACKING; ANNA HALL; GORDON HAMILTON; SANDRA HAMILTON; RONALD HAMILTON; CECILIA HAMILTON; PATRICK HAMILTON; ABDULLA HARJI; MARK HARRISON; MELANIE HARRISON; HAROLD HAUCA; TODD HEGG; RONALD HENDERSON; JOHN HENDERSON; DEAN HERBERT;

PATRICIA HERBERT; GORDON HILLMAN; BRIAN HJORLEIFSON; CHARLENE HJORLEIFSON; ARLENE HOAR; MARJORIE HOLLAWAY; ROEFOF HOOGKAMP; TINA HOOGKAMP; HANS HORN; NICK HRYHIRCHUK; IAN HUNTER; LEONARD JACOBS; JANINE JACOBS; FOSTER JANSEN; CLIFF JASPERSON; TERRANCE JELLICOE; GORDON JOHNSEN; LAURENT JOHNSON; HOWARD JOHNSON; JANEEN JOHNSON; ERNEST JOHNSON; CARLEEN JOHNSON; KIM JOHNSON; MEBS JUMA; SHAMIN JUMA; JEANNE KALLAL; ABDUL KANJI; JOSEPH KEATES; WAYVE KEEDWELL; EUGENE KELLER; LINDA KELLER; RUSSELL KING; KERRY KLEIM; THOMAS KOFIN; GARRY KOHLRUSS; WILLIAM KOLBERG; KEITH KONRAD; JOHN KOWERCHUK; KATHRYN KOWERCHUK; JAMES KRELL; STEVE KRISTOFFY; ALDYTH KRISTOFFY; AZIM LAKHOO; ALTAZ LALANI; JOHN LAMOUREUX; WAYNE LEE; SAI BOND LEE; GERARD LEFEBVRE; ALLEN LEPAN; DAVID LESTER; GRANT LETENDRE; PEGGY LEUNG, also known as PEGGY CHIU BLACK; JOHN LEWIS; BRUCE LOUNDS; MICHAEL MACNEILL; KEN MALTERER; NAZIR MANJI; MANZ DEVELOPMENTS, INC.; FRED MATER; JAMES MCCLURE; CHARLES MCGREGOR; RITA MCGREGOR; NAZIR MEGHANI; ALLAN MELLETT; KAREN MELLETT; RICK MELNYCHUK; JODI MELNYCHUK; EUGENE MISHIO; BRUCE MOIR; PAUL MORFORD; GARY MORGAN; JOAN MORGAN; DAVE MORRIS; DONNA MORRISON; MYRNA MOULTON; HANIF MULJI; DOREEN MYERS; HAROLD NELSON; DIANNE NIKIFORUK; ELAINE O'HARE; KEITH OLSEN; FAY OLSEN; LAWRENCE OMELIAN; MARLENE OMELIAN; NEIL ORR; SHIRLEY ORR; DONALD OSBOURNE; JOHN PANKHURST; RUTH PANKHURST; DAVID PARKER; DENNIS PASENAU; ALEXANDER PENMAN; LORIN PITCHER; MARGARET PITCHER; JOHN PONTO; VICTOR POULIN; LEORA POULIN; SHIRLEY PREPCHUK; DAVID PRETE; CARL PRIMUS; GRACE PRIMUS; STUART PROCTOR; PATRICIA PROCTOR; PROWEST PARTITION INSTALLATION SERVICES, LTD.; JOHN RADOMSKY; NETTIE RADOMSKY; MARVIN REEVES, LAWRENCE REIERSON; BRIAN REINBOLT; GORDON RITCHIE; JOHN RITTER; SHIRLEY RITTER; ELAINE RITTER; MYRNA ROSS; JOHN ROWE; LOTHAR RUECKER; BRIJ SABHARWAL, DAVID SCHAUS; DOUGLAS SCHIERMAN; MELVIN SCHNEIDER; ROSEMARIE SCHNEIDER; LYNN SCHULTZ; TERRANCE SCULLY; LEONARD SEMRAU; HELEN SEMRAU; DANIEL SHANK; BEVERLY SHANK; JAGDISH SINGH; GERALD SMETANIUK; JONATHAN SMETHRUST; BARRY SMITH; ROSEMARIE SMITH; BARBARA SPEAR; MARCEL ST. ARNAUD; ANNETTE ST. ARNAUD; LEO ST. ARNAUD; NORM ST. ARNAUD; KATHIE ST. ARNAUD; ESTELLE ST. PIERRE; JOHN STEEVES; LOIS STEEVES; DALE STENGEL; HOLLY STENGEL; CHRIS STEUDLER; NANCY NELLIS STEUDLER; STEVEN MK HOPE PROFESSIONAL CORPORATION; TIM STEWART; JAMES STORBAKKEN; SANDY STORBAKKEN; KENNETH STOTT; RICHARD SUGGITT; NIZAR SUNDERJI; THERESE SWAN; PATRICIA SWAN; DONALD SWAN; RICHARD SWAN; JEANETTE TAUBER; ERIC TELFORD; EVELYN TELFORD; JAMES TENNANT; GORDON THOM; HARRY THOMAS; WILMA THOMPSON; WALTER TSUMURA; SHIRLEY TSUMURA; JOHN TUCKER; ALANA TUCKER; EUGENE TURRIS; SAMSHERALI VALJI; MICHAEL VAN STRAUBENZEE; SAM VANDERENDE; GILES VOYER; MICHELLE VOYER; JAMES WALKER; ANNA WALKER; LINDA WEIGL; FRANK WELFL; EVA WELFL; JOSEPH WIDEMAN; RAYMOND WIEBE; DELOY WIGHT; KEN WILHELM; BONNIE WILHELM; JOSEPH WLASITZ; CHRIS WOLANSKY; DIANE WOLANSKY; JOHN WOOLMER; ANNETTE WOOLMER; JIMMY WU; SHIRLEY WU;

JAMES YIH; GEORGE YIP; KRISTA YIP

# EXHIBIT "B-2"

FIRST AMENDED

# SUMMONS
## (CITACION JUDICIAL)

ON FIRST AMENDED COMPLAINT

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

3:30 pm 7/12/01 #517

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*

BAYVIEW FINANCIAL TRADING GROUP, INC., a Florida Corporation; BAYVIEW FINANCIAL TRADING GROUP, L.P., a Delaware Limited Partnership; BFTG HOLDING COMPANY, INC., a Florida Corporation; AMERICAN PORTFOLIO MORTGAGE CORPORATION, a Nevada Corporation; PAUL KESSEL, INDIVIDUALLY; AND DOES 1 THROUGH 50, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
***(A Ud. le está demandando)***

(See attached list of plaintiffs)

You have *30 CALENDAR DAYS* after this summons is served on you to file a typewritten response at this court.

A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case.

If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

*Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.*

*Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.*

*Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosasde su propiedad sin aviso adicional por parte de la corte.*

*Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).*

The name and address of the court is: *(El nombre y dirección de la corte es)*
San Diego Superior Court - Central District
330 West Broadway
San Diego, CA 92101

CASE NUMBER *(Número del Caso)*: GIC 762952

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

Peter R. Thompson, Esq. (SB#096187) (619) 233-7535 Fax No. (619) 233-7528 Phone No.
THOMPSON & THOMPSON, APC
550 West "C" Street, Suite 950
San Diego, CA 92101

DATE: *(Fecha)* JUN 2 9 2001 Clerk, by *(Actuario)* B. Scott, Deputy *(Delegado)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Bayview Financial Trading Group, L.P. a Delaware Limited Partnership

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (individual)
☐ other:

4. ☒ by personal delivery on *(date)*:

**ATTACHMENT TO FIRST AMENDED SUMMONS**
**River Colony Estates, et al. v. Bayview Financial Trading Group, Inc., et al.**
**Case No.: GIC 762952**

**YOU ARE BEING SUED BY PLAINTIFFS:**

RIVER COLONY ESTATES GENERAL PARTNERSHIP, a California General Partnership; RIVER COLONY (U.S.) LIMITED PARTNERSHIP, a Washington Limited Partnership; RIVER COLONY MANAGEMENT, INC., a Canadian Corporation; 363864 ALBERTA LTD.; ELMER ALBEE; JULIE ALBEE; NAVROZ ALLIBHAI; ADELIA ALTWASSER; EDMUND ALTWASSER; BRAD ANDERSON; RICHARD ANDERSON; OLAFUR ANDERSON; MAE ANDERSON; RONALD BACON; OLIVE BAPTISTA; ANGELO BAPTISTA; JOHN BARFORD; JEAN BARRON; MYLES BARRON; ROSS BARTELL; GERALD BAXTER; CHRISTINE BAXTER; SCOTT BECK; CHRISTINE BECK; EUGENE BEGERT; NORMAN BENNETT; MARY BENNETT;, KEITH BEVANS; SULTAN BHERIANI; ZIBA BHERIANI; PAULETTE BIGGAR; DOUG BIGGAR; BRUCE BILSKY; CINDY BILSKY; DAVID BISSELL; OLIVE BISSELL; KENNETH BJARNASON; JEAN BOUCHER; ALINE BOUCHER; ROSS BRACKEN; ROSEMARY BRACKEN; CHARLES BRADLEY; DEBORAH BRADLEY; CHRIS BRODEUR; JOHN BROOME; BETTY BROOME; KENNETH BROWN; SHIRLEY BROWN; COURTNEY BROWN; WENDY BRUNELLE; DOUG BULAT; RAYMOND BULL; TERRY BULL; DAVID BURGHER; CATHARINA BURGHER, BRYCE CAHOON; GERRY CAIRNS; CLAIR CALLAHAN; MARJORIE CAMPBELL; ALLEN CAMPBELL; GEORGE CARSTED; HELEN CARSTED; CASTLE HOLSTEINS LTD.; ARMENIO CEVRAINI; YVONNE CHAMBERS; DONALD CHAMBERS; WINSTON CHAN; ROGER CHAREST; GARY CHILIBECK; DALTON CHUTE; BARBARA CHUTE, BRIAN CLARE; LAURIE CLARE; IAN CLIMIE; ANTHONY COLE; WENDY COLE; MARILYN COLLINS; CHARLES JAMES COLLYER; PATRICIA COLLYER; ANTHONY COND; DEBORAH COND; EDMOND CONDON; PATRICIA CONNAUTON; RON COOPER; ROBERT CORBETT; MARIE CORBETT; ROBERT CORBETT; LEON COURNEYA; THOMAS COUTURIER; LORI COUTURIER; ERICA CREE; WALTER CUELL; ROY CUNNINGHAM; MERLE CUNNINGHAM; RITA DAHLKE; SATYA DANU; RONALD DAVIDSON; JANET DAVIDSON; OLGA DE SANCTIS; PAUL KOEGLER; CLEM DEGOBBI, WILMA DEGROW; DENNIS DEIBERT; JACK DEJONG; DIANNE DEJONG; MARC DEVERDENNE; DANA DEVERDENNE; DONNIE DEWHIRST; DARCY DRYSDALE; EDITH DUMONT; GORDON DUNN; LEONARD EDMONDSON; JOHN EMPEY; ROBERTO ENOJO; GORDON EVERS; WENDY EVERS; HERVE FAUCHER; NOELLA FAUCHER; DONALD FENSKE; UGO FIORETTI; FIVE (K) LIVESTOCK LTD.; LARRY FLEMING; ARTHENA FLEMING; FREDERICK FRASIER; JOHN FRASER; GERALD GABORAK; RAY GAUMONT; LORRAINE GAUMONT; CONRAD GAUMONT; DEVERE GIBB; ANIL GIGA; JOYCE GODDARD; MURIEL GODWIN; KEN GORDON; BRENDAN GREEN; HOWARD GUEST; SHEENA GUEST; ALBERT HACKING; SHIRLEY-ANNE HACKING; ANNA HALL; GORDON HAMILTON; SANDRA HAMILTON; RONALD HAMILTON; CECILIA HAMILTON; PATRICK HAMILTON; ABDULLA HARJI; MARK HARRISON; MELANIE HARRISON; HAROLD HAUCA; TODD HEGG; RONALD HENDERSON; JOHN HENDERSON; DEAN HERBERT;

PATRICIA HERBERT; GORDON HILLMAN; BRIAN HJORLEIFSON; CHARLENE HJORLEIFSON; ARLENE HOAR; MARJORIE HOLLAWAY; ROEFOF HOOGKAMP; TINA HOOGKAMP; HANS HORN; NICK HRYHIRCHUK; IAN HUNTER; LEONARD JACOBS; JANINE JACOBS; FOSTER JANSEN; CLIFF JASPERSON; TERRANCE JELLICOE; GORDON JOHNSEN; LAURENT JOHNSON; HOWARD JOHNSON; JANEEN JOHNSON; ERNEST JOHNSON; CARLEEN JOHNSON; KIM JOHNSON; MEBS JUMA; SHAMIN JUMA; JEANNE KALLAL; ABDUL KANJI; JOSEPH KEATES; WAYVE KEEDWELL; EUGENE KELLER; LINDA KELLER; RUSSELL KING; KERRY KLEIM; THOMAS KOFIN; GARRY KOHLRUSS; WILLIAM KOLBERG; KEITH KONRAD; JOHN KOWERCHUK; KATHRYN KOWERCHUK; JAMES KRELL; STEVE KRISTOFFY; ALDYTH KRISTOFFY; AZIM LAKHOO; ALTAZ LALANI; JOHN LAMOUREUX; WAYNE LEE; SAI BOND LEE; GERARD LEFEBVRE; ALLEN LEPAN; DAVID LESTER; GRANT LETENDRE; PEGGY LEUNG, also known as PEGGY CHIU BLACK; JOHN LEWIS; BRUCE LOUNDS; MICHAEL MACNEILL; KEN MALTERER; NAZIR MANJI; MANZ DEVELOPMENTS, INC.; FRED MATER; JAMES MCCLURE; CHARLES MCGREGOR; RITA MCGREGOR; NAZIR MEGHANI; ALLAN MELLETT; KAREN MELLETT; RICK MELNYCHUK; JODI MELNYCHUK; EUGENE MISHIO; BRUCE MOIR; PAUL MORFORD; GARY MORGAN; JOAN MORGAN; DAVE MORRIS; DONNA MORRISON; MYRNA MOULTON; HANIF MULJI; DOREEN MYERS; HAROLD NELSON; DIANNE NIKIFORUK; ELAINE O'HARE; KEITH OLSEN; FAY OLSEN; LAWRENCE OMELIAN; MARLENE OMELIAN; NEIL ORR; SHIRLEY ORR; DONALD OSBOURNE; JOHN PANKHURST; RUTH PANKHURST; DAVID PARKER; DENNIS PASENAU; ALEXANDER PENMAN; LORIN PITCHER; MARGARET PITCHER; JOHN PONTO; VICTOR POULIN; LEORA POULIN; SHIRLEY PREPCHUK; DAVID PRETE; CARL PRIMUS; GRACE PRIMUS; STUART PROCTOR; PATRICIA PROCTOR; PROWEST PARTITION INSTALLATION SERVICES, LTD.; JOHN RADOMSKY; NETTIE RADOMSKY; MARVIN REEVES; LAWRENCE REIERSON, BRIAN REINBOLT; GORDON RITCHIE; JOHN RITTER; SHIRLEY RITTER; ELAINE RITTER; MYRNA ROSS; JOHN ROWE; LOTHAR RUECKER; BRIJ SABHARWAL; DAVID SCHAUS; DOUGLAS SCHIERMAN; MELVIN SCHNEIDER; ROSEMARIE SCHNEIDER; LYNN SCHULTZ; TERRANCE SCULLY; LEONARD SEMRAU; HELEN SEMRAU; DANIEL SHANK; BEVERLY SHANK; JAGDISH SINGH; GERALD SMETANIUK; JONATHAN SMETHRUST; BARRY SMITH; ROSEMARIE SMITH; BARBARA SPEAR; MARCEL ST. ARNAUD; ANNETTE ST. ARNAUD; LEO ST. ARNAUD; NORM ST. ARNAUD; KATHIE ST. ARNAUD; ESTELLE ST. PIERRE; JOHN STEEVES; LOIS STEEVES; DALE STENGEL; HOLLY STENGEL; CHRIS STEUDLER; NANCY NELLIS STEUDLER; STEVEN MK HOPE PROFESSIONAL CORPORATION; TIM STEWART; JAMES STORBAKKEN; SANDY STORBAKKEN; KENNETH STOTT; RICHARD SUGGITT; NIZAR SUNDERJI; THERESE SWAN; PATRICIA SWAN; DONALD SWAN; RICHARD SWAN; JEANETTE TAUBER; ERIC TELFORD; EVELYN TELFORD; JAMES TENNANT; GORDON THOM; HARRY THOMAS; WILMA THOMPSON; WALTER TSUMURA; SHIRLEY TSUMURA; JOHN TUCKER; ALANA TUCKER; EUGENE TURRIS; SAMSHERALI VALJI; MICHAEL VAN STRAUBENZEE; SAM VANDERENDE; GILES VOYER; MICHELLE VOYER; JAMES WALKER; ANNA WALKER; LINDA WEIGL; FRANK WELFL; EVA WELFL; JOSEPH WIDEMAN; RAYMOND WIEBE; DELOY WIGHT; KEN WILHELM; BONNIE WILHELM; JOSEPH WLASITZ; CHRIS WOLANSKY; DIANE WOLANSKY; JOHN WOOLMER; ANNETTE WOOLMER; JIMMY WU; SHIRLEY WU;

JAMES YIH; GEORGE YIP; KRISTA YIP

# EXHIBIT "B-3"

FIRST AMENDED **SUMMONS** ON FIRST AMENDED COMPLAINT
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

3:30 pm
7/3/01
#517

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
BAYVIEW FINANCIAL TRADING GROUP, INC., a Florida Corporation; BAYVIEW FINANCIAL TRADING GROUP, L.P., a Delaware Limited Partnership; BFTG HOLDING COMPANY, INC., a Florida Corporation; AMERICAN PORTFOLIO MORTGAGE CORPORATION, a Nevada Corporation; PAUL KESSEL, INDIVIDUALLY; AND DOES 1 THROUGH 50, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*
(See attached list of plaintiffs)

You have *30 CALENDAR DAYS* after this summons is served on you to file a typewritten response at this court.

A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case.

If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

*Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.*

*Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.*

*Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosasde su propiedad sin aviso adicional por parte de la corte.*

*Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).*

The name and address of the court is: *(El nombre y dirección de la corte es)*
San Diego Superior Court - Central District
330 West Broadway
San Diego, CA 92101

CASE NUMBER *(Número del Caso)*
GIC 762952

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

Peter R. Thompson, Esq. (SB#096187) (619) 233-7535 Fax No. (619) 233-7528 Phone No.
THOMPSON & THOMPSON, APC
550 West "C" Street, Suite 950
San Diego, CA 92101

DATE: *(Fecha)* JUN 2 9 2001 Clerk, by *(Actuario)* B. Scott, Deputy *(Delegado)*

[SEAL] SUPERIOR COURT SAN DIEGO COUNTY, CA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: BFTG Holding Company, Inc. a Florida Corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (individual)
☐ other:

4. ☒ by personal delivery on *(date)*:

**ATTACHMENT TO FIRST AMENDED SUMMONS**
**River Colony Estates, et al. v. Bayview Financial Trading Group, Inc., et al.**
**Case No.: GIC 762952**

**YOU ARE BEING SUED BY PLAINTIFFS:**

RIVER COLONY ESTATES GENERAL PARTNERSHIP, a California General Partnership; RIVER COLONY (U.S.) LIMITED PARTNERSHIP, a Washington Limited Partnership; RIVER COLONY MANAGEMENT, INC., a Canadian Corporation; 363864 ALBERTA LTD.; ELMER ALBEE; JULIE ALBEE; NAVROZ ALLIBHAI; ADELIA ALTWASSER; EDMUND ALTWASSER; BRAD ANDERSON; RICHARD ANDERSON; OLAFUR ANDERSON; MAE ANDERSON; RONALD BACON; OLIVE BAPTISTA; ANGELO BAPTISTA; JOHN BARFORD; JEAN BARRON; MYLES BARRON; ROSS BARTELL; GERALD BAXTER; CHRISTINE BAXTER; SCOTT BECK; CHRISTINE BECK; EUGENE BEGERT; NORMAN BENNETT; MARY BENNETT;; KEITH BEVANS; SULTAN BHERIANI; ZIBA BHERIANI; PAULETTE BIGGAR; DOUG BIGGAR; BRUCE BILSKY; CINDY BILSKY; DAVID BISSELL; OLIVE BISSELL; KENNETH BJARNASON; JEAN BOUCHER; ALINE BOUCHER; ROSS BRACKEN; ROSEMARY BRACKEN; CHARLES BRADLEY; DEBORAH BRADLEY; CHRIS BRODEUR; JOHN BROOME; BETTY BROOME; KENNETH BROWN; SHIRLEY BROWN; COURTNEY BROWN; WENDY BRUNELLE; DOUG BULAT; RAYMOND BULL; TERRY BULL; DAVID BURGHER; CATHARINA BURGHER; BRYCE CAHOON; GERRY CAIRNS; CLAIR CALLAHAN; MARJORIE CAMPBELL; ALLEN CAMPBELL; GEORGE CARSTED; HELEN CARSTED; CASTLE HOLSTEINS LTD.; ARMENIO CEVRAINI; YVONNE CHAMBERS; DONALD CHAMBERS; WINSTON CHAN; ROGER CHAREST; GARY CHILIBECK; DALTON CHUTE; BARBARA CHUTE; BRIAN CLARE; LAURIE CLARE; IAN CLIMIE; ANTHONY COLE; WENDY COLE; MARILYN COLLINS; CHARLES JAMES COLLYER; PATRICIA COLLYER; ANTHONY COND; DEBORAH COND; EDMOND CONDON; PATRICIA CONNAUTON; RON COOPER; ROBERT CORBETT; MARIE CORBETT; ROBERT CORBETT; LEON COURNEYA; THOMAS COUTURIER; LORI COUTURIER; ERICA CREE; WALTER CUELL; ROY CUNNINGHAM; MERLE CUNNINGHAM; RITA DAHLKE; SATYA DANU; RONALD DAVIDSON; JANET DAVIDSON; OLGA DE SANCTIS; PAUL KOEGLER; CLEM DEGOBBI; WILMA DEGROW; DENNIS DEIBERT; JACK DEJONG; DIANNE DEJONG; MARC DEVERDENNE; DANA DEVERDENNE; DONNIE DEWHIRST; DARCY DRYSDALE; EDITH DUMONT; GORDON DUNN; LEONARD EDMONDSON; JOHN EMPEY; ROBERTO ENOJO; GORDON EVERS; WENDY EVERS; HERVE FAUCHER; NOELLA FAUCHER; DONALD FENSKE; UGO FIORETTI; FIVE (K) LIVESTOCK LTD.; LARRY FLEMING; ARTHENA FLEMING; FREDERICK FRASIER; JOHN FRASER; GERALD GABORAK; RAY GAUMONT; LORRAINE GAUMONT; CONRAD GAUMONT; DEVERE GIBB; ANIL GIGA; JOYCE GODDARD; MURIEL GODWIN; KEN GORDON; BRENDAN GREEN; HOWARD GUEST; SHEENA GUEST; ALBERT HACKING; SHIRLEY-ANNE HACKING; ANNA HALL; GORDON HAMILTON; SANDRA HAMILTON; RONALD HAMILTON; CECILIA HAMILTON; PATRICK HAMILTON; ABDULLA HARJI; MARK HARRISON; MELANIE HARRISON; HAROLD HAUCA; TODD HEGG; RONALD HENDERSON; JOHN HENDERSON; DEAN HERBERT;

PATRICIA HERBERT; GORDON HILLMAN; BRIAN HJORLEIFSON; CHARLENE HJORLEIFSON; ARLENE HOAR; MARJORIE HOLLAWAY; ROEFOF HOOGKAMP; TINA HOOGKAMP; HANS HORN; NICK HRYHIRCHUK; IAN HUNTER; LEONARD JACOBS; JANINE JACOBS; FOSTER JANSEN; CLIFF JASPERSON; TERRANCE JELLICOE; GORDON JOHNSEN; LAURENT JOHNSON; HOWARD JOHNSON; JANEEN JOHNSON; ERNEST JOHNSON; CARLEEN JOHNSON; KIM JOHNSON; MEBS JUMA; SHAMIN JUMA; JEANNE KALLAL; ABDUL KANJI; JOSEPH KEATES; WAYVE KEEDWELL; EUGENE KELLER; LINDA KELLER; RUSSELL KING; KERRY KLEIM; THOMAS KOFIN; GARRY KOHLRUSS; WILLIAM KOLBERG; KEITH KONRAD; JOHN KOWERCHUK; KATHRYN KOWERCHUK; JAMES KRELL; STEVE KRISTOFFY; ALDYTH KRISTOFFY; AZIM LAKHOO; ALTAZ LALANI; JOHN LAMOUREUX; WAYNE LEE; SAI BOND LEE; GERARD LEFEBVRE; ALLEN LEPAN; DAVID LESTER; GRANT LETENDRE; PEGGY LEUNG, also known as PEGGY CHIU BLACK; JOHN LEWIS; BRUCE LOUNDS; MICHAEL MACNEILL; KEN MALTERER; NAZIR MANJI; MANZ DEVELOPMENTS, INC.; FRED MATER; JAMES MCCLURE; CHARLES MCGREGOR; RITA MCGREGOR; NAZIR MEGHANI; ALLAN MELLETT; KAREN MELLETT; RICK MELNYCHUK; JODI MELNYCHUK; EUGENE MISHIO; BRUCE MOIR; PAUL MORFORD; GARY MORGAN; JOAN MORGAN; DAVE MORRIS; DONNA MORRISON; MYRNA MOULTON; HANIF MULJI; DOREEN MYERS; HAROLD NELSON; DIANNE NIKIFORUK; ELAINE O'HARE; KEITH OLSEN; FAY OLSEN; LAWRENCE OMELIAN; MARLENE OMELIAN; NEIL ORR; SHIRLEY ORR; DONALD OSBOURNE; JOHN PANKHURST; RUTH PANKHURST; DAVID PARKER; DENNIS PASENAU; ALEXANDER PENMAN; LORIN PITCHER; MARGARET PITCHER; JOHN PONTO; VICTOR POULIN; LEORA POULIN; SHIRLEY PREPCHUK; DAVID PRETE; CARL PRIMUS; GRACE PRIMUS; STUART PROCTOR; PATRICIA PROCTOR; PROWEST PARTITION INSTALLATION SERVICES, LTD.; JOHN RADOMSKY; NETTIE RADOMSKY; MARVIN REEVES; LAWRENCE REIERSON; BRIAN REINBOLT; GORDON RITCHIE; JOHN RITTER; SHIRLEY RITTER; ELAINE RITTER; MYRNA ROSS; JOHN ROWE; LOTHAR RUECKER; BRIJ SABHARWAL; DAVID SCHAUS; DOUGLAS SCHIERMAN; MELVIN SCHNEIDER; ROSEMARIE SCHNEIDER; LYNN SCHULTZ; TERRANCE SCULLY; LEONARD SEMRAU; HELEN SEMRAU; DANIEL SHANK; BEVERLY SHANK; JAGDISH SINGH; GERALD SMETANIUK; JONATHAN SMETHRUST; BARRY SMITH; ROSEMARIE SMITH; BARBARA SPEAR; MARCEL ST. ARNAUD; ANNETTE ST. ARNAUD; LEO ST. ARNAUD; NORM ST. ARNAUD; KATHIE ST. ARNAUD; ESTELLE ST. PIERRE; JOHN STEEVES; LOIS STEEVES; DALE STENGEL; HOLLY STENGEL; CHRIS STEUDLER; NANCY NELLIS STEUDLER; STEVEN MK HOPE PROFESSIONAL CORPORATION; TIM STEWART; JAMES STORBAKKEN; SANDY STORBAKKEN; KENNETH STOTT; RICHARD SUGGITT; NIZAR SUNDERJI; THERESE SWAN; PATRICIA SWAN; DONALD SWAN; RICHARD SWAN; JEANETTE TAUBER; ERIC TELFORD; EVELYN TELFORD; JAMES TENNANT; GORDON THOM; HARRY THOMAS; WILMA THOMPSON; WALTER TSUMURA; SHIRLEY TSUMURA; JOHN TUCKER; ALANA TUCKER; EUGENE TURRIS; SAMSHERALI VALJI; MICHAEL VAN STRAUBENZEE; SAM VANDERENDE; GILES VOYER; MICHELLE VOYER; JAMES WALKER; ANNA WALKER; LINDA WEIGL; FRANK WELFL; EVA WELFL; JOSEPH WIDEMAN; RAYMOND WIEBE; DELOY WIGHT; KEN WILHELM; BONNIE WILHELM; JOSEPH WLASITZ; CHRIS WOLANSKY; DIANE WOLANSKY; JOHN WOOLMER; ANNETTE WOOLMER; JIMMY WU; SHIRLEY WU;

JAMES YIH; GEORGE YIP; KRISTA YIP

EXHIBIT C

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Peter R. Thompson, Esq. (SB#096187)
THOMPSON & THOMPSON, APC
550 West "C" Street, Suite 950
San Diego, CA 92101
TELEPHONE NO.: (619) 233-7528 FAX NO.: (619)233-7535
ATTORNEY FOR (Name): Pts. River Colony, et al.

FOR COURT USE ONLY

... 26 PM 3:19

... COURT ... COUNTY, CA

INSERT NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY:
San Diego Superior Court
Central District

CASE NAME: River Colony, et al. v. Bayview, et al.

## CIVIL CASE COVER SHEET

[ ] Limited [X] Unlimited

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 1811)

CASE NUMBER: GIC 762352
ASSIGNED JUDGE:

*Please complete all five (5) items below.*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (*e.g., discrimination, false arrest*) (08)
[ ] Defamation (*e.g., slander, libel*) (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (*e.g., legal malpractice*) (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (*e.g., money owed, open book accounts*) (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (*e.g., quiet title*) (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800 –1812 )**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Claims involving mass tort (40)
[ ] Securities litigation (28)
[ ] Toxic tort/Environmental (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (*e.g., sister state, foreign, out-of-county abstracts*) (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[X] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (*not specified above*) (43)

2. This case [X] is [ ] is not complex under rule 1800 of the California Rules of Court. If case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination and related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. [ ] Substantial post-disposition judicial disposition
3. Type of remedies sought (*check all that apply*):
   a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (*specify*): seven (7)
5. This case [ ] is [X] is not a class action suit.

Date: February 26, 2001

Peter R. Thompson
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 982.2.)
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

Peter R. Thompson, Esq.
State Bar #96187
THOMPSON & THOMPSON, APC
550 West "C" Street, Suite 950
San Diego, California 92101
Telephone: (619) 233-7528
Telecopier: (619) 233-7535

001|#196

Attorneys for Plaintiffs
RIVER COLONY ESTATES GENERAL PARTNERSHIP,
RIVER COLONY (U.S.) LIMITED PARTNERSHIP, RIVER COLONY
MANAGEMENT, INC., and the individual investors

8647 01 09 GIC762952 02/28/01 14:58
02 001 New Civil $196.00

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

RIVER COLONY ESTATES GENERAL PARTNERSHIP, a California General Partnership; RIVER COLONY (U.S.) LIMITED PARTNERSHIP, a Washington Limited Partnership; RIVER COLONY MANAGEMENT, INC., a Canadian Corporation; 363864 ALBERTA LTD.; ELMER ALBEE; JULIE ALBEE; NAVROZ ALLIBHAI; ADELIA ALTWASSER; EDMUND ALTWASSER; BRAD ANDERSON; RICHARD ANDERSON; OLAFUR ANDERSON; MAE ANDERSON; AN-MAR CONCRETE LTD.; RONALD BACON; OLIVE BAPTISTA; ANGELO BAPTISTA; JOHN BARFORD; KENNETH BARKWAY; GORDON BARRITT; JEAN BARRON; MYLES BARRON; ROSS BARTELL; GERALD BAXTER; CHRISTINE BAXTER; SCOTT BECK; CHRISTINE BECK; EUGENE BEGERT; NORMAN BENNETT; MARY BENNETT; ESTHER BERTOLINI; KEITH BEVANS; SULTAN BHERIANI; ZIBA BHERIANI; PAULETTE BIGGAR; DOUG BIGGAR; BRUCE BILSKY; CINDY BILSKY; DAVID BISSELL; OLIVE BISSELL; KENNETH BJARNASON; STEPHEN BODIE; JEAN BOUCHER; ALINE BOUCHER; ANTHONY BOWMAN; ROSS BRACKEN; ROSEMARY BRACKEN; CHARLES BRADLEY; DEBORAH BRADLEY; CHRIS BRODEUR; JOHN BROOME; BETTY BROOME; KENNETH BROWN; SHIRLEY BROWN; COURTNEY BROWN;

CASE NO. GIC762952
"GENERAL CIVIL"

COMPLAINT FOR DAMAGES FOR:
(1) RESCISSION AND DAMAGES BASED ON UNILATERAL MISTAKE OF FACT; (2) NEGLIGENCE; (3) CONSPIRACY TO BREACH OF FIDUCIARY DUTY; (4) AIDING AND ABETTING BREACH OF FIDUCIARY DUTY; (5) CONSPIRACY TO COMMIT FRAUD; (6) AIDING AND ABETTING FRAUD; (7) CONVERSION

WENDY BRUNELLE; DOUG BULAT; )
RAYMOND BULL; TERRY BULL; DAVID)
BURGHER; CATHARINA BURGHER; )
BRYCE CAHOON; GERRY CAIRNS; )
CLAIR CALLAHAN; MARJORIE )
CAMPBELL; ALLEN CAMPBELL; )
GEORGE CARSTED; HELEN CARSTED; )
DOUGLAS CARSTED; CASTLE )
HOLSTEINS LTD.; ARMENIO CEVRAINI;)
YVONNE CHAMBERS; DONALD )
CHAMBERS; WALLY CHAN; WINSTON )
CHAN; ROGER CHAREST; GARY )
CHILIBECK; DALTON CHUTE; )
BARBARA CHUTE; BRIAN CLARE; )
LAURIE CLARE; KATHY CLASSEN; IAN )
CLIMIE; WAYNE CLOWATER; )
MICHAEL COATES; ANTHONY COLE; )
WENDY COLE; MARILYN COLLINS; )
CHARLES JAMES COLLYER; PATRICIA )
COLLYER; DONALD COMFORT; DORIS )
COMFORT; ANTHONY COND; )
DEBORAH COND; EDMOND CONDON; )
PATRICIA CONNAUTON; RON COOPER; )
ROBERT CORBETT; MARIE CORBETT; )
ROBERT CORBETT; LEON COURNEYA; )
THOMAS COUTURIER; LORI )
COUTURIER; ERICA CREE; WALTER )
CUELL; ROY CUNNINGHAM; MERLE )
CUNNINGHAM; RITA DAHLKE; SATYA )
DANU; RONALD DAVIDSON; JANET )
DAVIDSON; OLGA DE SANCTIS; PAUL )
KOEGLER; CLEM DEGOBBI; WILMA )
DEGROW; DENNIS DEIBERT; JACK )
DEJONG; DIANNE DEJONG; MARC )
DEVERDENNE; DANA DEVERDENNE; )
DONNIE DEWHIRST; DARCY )
DRYSDALE; EDITH DUMONT; GORDON)
DUNN; RAYMOND EARL; LEONARD )
EDMONDSON; JOHN EMPEY; ROBERTO)
ENOJO; GORDON EVERS; WENDY )
EVERS; GORDON EXON; HERVE )
FAUCHER; NOELLA FAUCHER; )
DONALD FENSKE; ALLEN FINIGAN; )
UGO FIORETTI; FIVE (K) LIVESTOCK )
LTD.; LARRY FLEMING; ARTHENA )
FLEMING; CHARLES FOGARRASSY; )
FREDERICK FRASIER; JOHN FRASER; )
GERALD GABORAK; RAY GAUMONT; )
LORRAINE GAUMONT; CONRAD )
GAUMONT; BRIAN GAVRILOFF; GEURT)
GEURTSEN; DEVERE GIBB; ANIL GIGA;)
ROBERT GILES; MARY GILES; )
DOUGLAS GINGERICK; JOYCE )
GODDARD; MURIEL GODWIN; KEN )
GORDON; BRENDAN GREEN; HOWARD )
GUEST; SHEENA GUEST; ALBERT )

HACKING; SHIRLEY-ANNE HACKING; JOHN HAIGH; ANNA HALL; GORDON HAMILTON; SANDRA HAMILTON; RONALD HAMILTON; CECILIA HAMILTON; PATRICK HAMILTON; ABDULLA HARJI; MARK HARRISON; MELANIE HARRISON; THEODOR HASSENRUECK; HAROLD HAUCA; TODD HEGG; RONALD HENDERSON; JOHN HENDERSON; DEAN HERBERT; PATRICIA HERBERT; GORDON HILLMAN; BRIAN HJORLEIFSON; CHARLENE HJORLEIFSON; ARLENE HOAR; MARJORIE HOLLAWAY; ROEFOF HOOGKAMP; TINA HOOGKAMP; HANS HORN; NICK HRYHIRCHUK; IAN HUNTER; LEONARD JACOBS; JANINE JACOBS; DAVID JAMES; FOSTER JANSEN; CLIFF JASPERSON; CONNIE JASPERSON; TERRANCE JELLICOE; GORDON JOHNSEN; LAURENT JOHNSON; HOWARD JOHNSON; JANEEN JOHNSON; ERNEST JOHNSON; CARLEEN JOHNSON; KIM JOHNSON; MEBS JUMA; SHAMIN JUMA; JEANNE KALLAL; ABDUL KANJI; JENG PING GRACE KAO; JOSEPH KEATES; WAYVE KEEDWELL; EUGENE KELLER; LINDA KELLER; RUSSELL KING; KERRY KLEIM; THOMAS KOFIN; GARRY KOHLRUSS; WILLIAM KOLBERG; KEITH KONRAD; JOHN KOWERCHUK; KATHRYN KOWERCHUK; JAMES KRELL; STEVE KRISTOFFY; ALDYTH KRISTOFFY; RAHIM LAKHOO; AZIM LAKHOO; ALTAZ LALANI; JOHN LAMOUREUX; WAYNE LEE; SAI BOND LEE; GERARD LEFEBVRE; ALLEN LEPAN; DAVID LESTER; GRANT LETENDRE; PEGGY LEUNG; JOHN LEWIS; KENT LIANG; BRUCE LOUNDS; MICHAEL MACNEILL; IIONA MAGAS; KEN MALTERER; NAZIR MANJI; MANZ DEVELOPMENTS, INC.; FRED MATER; PAUL MAYNES; DONNA MAYNES; JAMES MCCLURE; CHARLES MCGREGOR; RITA MCGREGOR; NAZIR MEGHANI; MAHEDI MAGHANI; ALLAN MELLETT; KAREN MELLETT; RICK MELNYCHUK; JODI MELNYCHUK; ARLENE MILLS; EUGENE MISHIO; BRUCE MOIR; PAUL MORFORD; GARY MORGAN; JOAN MORGAN; DAVE MORRIS; DONNA )

MORRISON; MYRNA MOULTON; HANIF MULJI; DOREEN MYERS; DONALD NELSON; HAROLD NELSON; BRUCE NICHOL; VALERIE NICHOL; DIANNE NIKIFORUK; ELAINE O'HARE; KEITH OLSEN; FAY OLSEN; LAWRENCE OMELIAN; MARLENE OMELIAN; NEIL ORR; SHIRLEY ORR; DONALD OSBOURNE; DAVID PALMER; JOHN PANKHURST; RUTH PANKHURST; DAVID PARKER; DENNIS PASENAU; ALEXANDER PENMAN; BRIAN PETERSON; ALETA PETERSON; DANIEL PIERCE; LORIN PITCHER; MARGARET PITCHER; JOHN POLLOCK; VERA POLLOCK; JOHN PONTO; VICTOR POULIN; LEORA POULIN; ROBERT PREPCHUK; SHIRLEY PREPCHUK; DAVID PRETE; CARL PRIMUS; GRACE PRIMUS; STUART PROCTOR; PATRICIA PROCTOR; PROWEST PARTITION INSTALLATION SERVICES, LTD.; JOHN RADOMSKY; NETTIE RADOMSKY; MARVIN REEVES; LAWRENCE REIERSON; MARK REIERSON; BRIAN REINBOLT; ARLENE RIMMER; GORDON RITCHIE; JOHN RITTER; SHIRLEY RITTER; ELAINE RITTER; RAY ROSS; DEAN ROSS; MYRNA ROSS; JOHN ROWE; LOTHAR RUECKER; BRIJ SABHARWAL; DAVID SCHAUS; DOUGLAS SCHIERMAN; MELVIN SCHNEIDER; ROSEMARIE SCHNEIDER; LYNN SCHULTZ; TERRANCE SCULLY; LEONARD SEMRAU; HELEN SEMRAU; DANIEL SHANK; BEVERLY SHANK; NINDERPAL SHOKER; KALVINDER SHOKER; JAGDISH SINGH; GERALD SMETANIUK; JONATHAN SMETHRUST; BARRY SMITH; ROSEMARIE SMITH; BARBARA SPEAR; BRIAN SPENDELOW; MARCEL ST. ARNAUD; ANNETTE ST. ARNAUD; NORM ST. ARNAUD; KATHIE ST. ARNAUD; LEO ST. ARNAUD; ESTELLE ST. PIERRE; OLIVER STAUDT; DEBBIE STAUDT; JOHN STEEVES; LOIS STEEVES; DALE STENGEL; HOLLY STENGEL; CHRIS STEUDLER; NANCY NELLIS STEUDLER; STEVEN MK HOPE PROFESSIONAL CORPORATION; )

MARIE STEVENSON; JOHN STEWART; TIME STEWART; JAMES STORBAKKEN; SANDY STORBAKKEN; KENNETH STOTT; HAROLD SU; RICHARD SUGGITT; NAZIR SUNDERANI; NASREEN SUNDERANI; NIZAR SUNDERJI; THERESE SWAN; PATRICIA SWAN; DONALD SWAN; RICHARD SWAN; PETER TATHAM; JEANETTE TAUBER; ERIC TELFORD; EVELYN TELFORD; JAMES TENNANT; GORDON THOM; HARRY THOMAS; WILMA THOMPSON; WALTER TSUMURA; SHIRLEY TSUMURA; JOHN TUCKER; ALANA TUCKER; EUGENE TURRIS; SAMSHERALI VALJI; MICHAEL VAN STRAUBENZEE; SAM VANDERENDE; GILES VOYER; MICHELLE VOYER; JAMES WALKER; ANNA WALKER; LINDA WEIGL; FRANK WELFL; EVA WELFL; JOSEPH WIDEMAN; RAYMOND WIEBE; DELOY WIGHT; KEN WILHELM; BONNIE WILHELM; JOHN WILLOCK; JOSEPH WLASITZ; CHRIS WOLANSKY; DIANE WOLANSKY; JOHN WOOLMER; ANNETTE WOOLMER; WILLIAM WRIGHT; EDWARD WRIGHT; JUNE WRIGHT; JIMMY WU; SHIRLEY WU; JAMES YIH; GEORGE YIP; KRISTA YIP,

Plaintiffs,

vs.

BAYVIEW FINANCIAL TRADING GROUP, INC., a Corporation; BAYVIEW FINANCIAL TRADING GROUP, L.P., a Delaware Limited Partnership; BFTG HOLDING COMPANY, INC., a Florida Corporation; AMERICAN PORTFOLIO MORTGAGE CORPORATION, a Nevada Corporation; PAUL KESSEL, INDIVIDUALLY; AND DOES 1 THROUGH 50, INCLUSIVE,

Defendants

////

Plaintiffs allege:

## GENERAL FACTUAL ALLEGATIONS

1. Plaintiff, RIVER COLONY ESTATES GENERAL PARTNERSHIP (hereinafter referred to as "RIVER COLONY") is a California General Partnership and doing business under the laws of the State of California with its principal place of business in San Diego County, California. Plaintiff RIVER COLONY (U.S.) LIMITED PARTNERSHIP (hereinafter referred to as "RIVER COLONY (U.S.)") is a Washington Limited Partnership and doing business under the laws of the State of Washington and is a partner in RIVER COLONY. Plaintiff RIVER COLONY MANAGEMENT, INC. (hereinafter referred to as "RCMI") is a Canadian Corporation, incorporated in Vancouver British Columbia, Canada and is the successor-in-interest to River Colony Estates Capital, Limited, a Canadian Corporation, and is a partner in RIVER COLONY.

2. All of the individually named plaintiffs set forth in the caption are residents of the country of Canada and are investors in the River Colony project as limited partners and/or debenture holders. The names of the individually named plaintiffs set forth in the caption are incorporated herein by reference as though fully set forth.

3. Plaintiffs are informed and believe that Defendant Bayview Financial Trading Group, Inc., (hereinafter "BAYVIEW INC.") is a corporation which in some form or fashion owns or owned an interest in certain loans made in California to plaintiffs relating to the River Colony Project.

4. Plaintiffs are informed and believe that Defendant Bayview Financial Trading Group, L.P. (hereinafter "BAYVIEW LP"), is a limited partnership, registered as such in the State of Delaware which in some form or fashion owns or owned an interest in certain loans made in California to plaintiffs relating to the River Colony Project.

5. Plaintiffs are informed and believe that Defendant BFTG Holding Company, Inc.(hereinafter BFTG), is a Florida Corporation which in some form or fashion owns or owned an interest in certain loans made in California to plaintiffs relating to the River Colony Project.

6. Plaintiffs are informed and believe that Defendant American Portfolio Mortgage Corporation (hereinafter APM) is a Nevada Corporation which in some form or fashion owns or owned an interest in certain loans made in California to plaintiffs relating to the River Colony Project.

7. Plaintiffs are informed and believe that Defendant Paul Kessel (hereinafter KESSEL) is the President of APM, a resident of the State of Illinois and individually benefitted from certain loans made in California to plaintiffs relating to the River Colony Project.

8. Defendants, DOES 1 through 50, inclusive, are fictitious names of defendants whose true names and capacities, whether individual, corporate, associate, partner or otherwise, are unknown to Plaintiffs at this time. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each defendant sued herein as a DOE was acting for itself or as an agent, servant, partner and/or employee of his or her co-defendants, and in doing the things hereinafter mentioned, was acting in the scope of his or her authority as such agent, servant, partner and/or employee, and with the permission and consent of his or her co-defendants; and that each of said fictitiously-named defendants, whether acting for itself or as agents, corporations, associations, partners or otherwise, is in some way liable or responsible to Plaintiffs either vicariously or otherwise on the facts hereinafter alleged and caused injuries and damages legally thereby, as hereinafter alleged, and at such time as Defendants' true names and capacities become known to Plaintiffs, Plaintiffs will ask leave of court to amend this complaint to insert said true names and capacities as DOE Defendants.

9. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, Defendant BAYVIEW INC., BAYVIEW LP, BFTG, the DOE Defendants, and each of them, were acting as agents, servants, partners and/or employees of each other, and were acting within the full course and scope of their employment, partnership and/or agency with the full knowledge and consent, either express or implied, of each of the other Defendants.

10. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, Defendant APM, KESSEL, the DOE Defendants, and each of them, were acting as

agents, servants, partners and/or employees of each other, and were acting within the full course and scope of their employment, partnership and/or agency with the full knowledge and consent, either express or implied, of each of the other Defendants.

11. In connection with the acquisition of the River Colony project, a real estate apartment/condominium project named River Colony located in San Diego California., a promoter named Kerry Dix issued a Confidential Offering Memorandum (hereinafter OM) soliciting investments in a limited partnership and/or purchase of debentures which would in turn loan the debenture money to the limited partnership. The money invested would thereafter be used to make down payments on individual units in the River Colony project and loans would be obtained in accordance with the terms and conditions set forth in the OM by each of the plaintiffs to finance the balance of the purchase of the River Colony project.

12. In or about March 1997, Kerry Dix obtained a Durable Special Power of Attorney (hereinafter the DSPA) from each of the individually named plaintiffs in order to sign documents to among other things, sign the loan documents to close the loan as set forth in the OM.

13. On or about June 3rd and 4th , 1997, Kerry Dix wrongfully and fraudulently used the DSPA to sign loan documents for each of the plaintiffs, said loans being from APM and on terms substantially and materially different than those terms set forth in the OM causing the plaintiffs to pay loan fees and interest substantially in excess of the amounts disclosed in the OM.

14. On or about July 3, 1997, Plaintiffs acquired a real estate apartment/condominium project named River Colony located in San Diego California.

15. As a direct result of the conduct alleged herein, Plaintiffs have suffered and will continue to suffer damages, including but not limited to, loss of substantial money on closing the transaction (to third parties and to Defendants herein) which they otherwise would not have had to pay, became obligated to loans at a higher cost than disclosed in the OM, and had money diverted to third parties and not to the River Colony project, all in accordance with the evidence to be presented at trial.

## FIRST CAUSE OF ACTION

(Rescission and damages based on Unilateral Mistake of Fact against all defendants)

16. Plaintiffs repeat, replead and incorporate by reference each and every allegation of paragraphs 1-15 above.

17. Plaintiffs are informed and believe that Defendants BAYVIEW INC., BAYVIEW LP AND BFTG funded the APM loans to plaintiffs and in doing so purchased the loans alleged herein.

18. Plaintiffs believed that the DSPA was to be used to close the loans on the terms and conditions set forth in the OM.

19. Plaintiffs were not told of the change in loan terms and payments to defendants and third parties prior to the acquisition of the River Colony project and the funding of the loans.

20. Plaintiffs did not consent to the use of the DSPA by Kerry Dix to sign loan documents whose terms varied from the terms set forth in the OM.

21. Had Plaintiffs been advised of the change in loan terms and the consequences thereof, Plaintiffs would not have consented to the use of the DSPA by Kerry Dix to sign the loan documents with APM on terms and conditions less favorable to Plaintiffs.

22. On or after July 1998, plaintiffs discovered the circumstances under which the loan documents were executed and the consequences of the changes in terms and conditions.

23. As alleged herein, the circumstances under which the loan documents were executed constitutes a mistake of fact and therefore justifies rescission and damages as herein alleged.

24. Plaintiff intends service of the summons and complaint in this action to serve as notice of rescission of the loans to plaintiffs on the condition that Defendants pay damages to Plaintiffs as herein previously alleged.

## SECOND CAUSE OF ACTION

(Negligence against all defendants)

25. Plaintiffs repeat, replead and incorporate by reference each and every allegation of paragraphs 1-24 above.

26. Defendants were aware of the substantial and material differences in the terms and conditions of the loans from those set forth in the OM and those set forth in the loan documents as signed. Defendants owed a duty of care to plaintiffs to advise plaintiffs of the substantial and material differences in the terms and conditions of the loan documents that were being signed and/or obtain the consent of the plaintiffs before agreeing to fund the loans or allow Kerry Dix to sign the loan documents.

27. Defendants were negligent in failing to advise plaintiffs of the substantial and material differences in the terms and conditions of the loan documents that were being signed and/or obtain consent of the plaintiffs before agreeing to fund the loans or allow Kerry Dix to sign the loan documents.

## THIRD CAUSE OF ACTION

(Conspiracy to Breach Fiduciary Duty against all defendants)

28. Plaintiffs repeat, replead and incorporate by reference each and every allegation of paragraphs 1-27 above.

29. Kerry Dix owed plaintiffs a fiduciary duty as the holder of the DSPA. Kerry Dix breached that fiduciary duty by his misuse of the DSPA as alleged herein. Kerry Dix and Defendants entered into an agreement with the intent to agree or conspire and the intent to commit wrongful acts, namely a breach of fiduciary duty to Plaintiffs herein.

30. Defendants, as coconspirators with Kerry Dix and each other, conduct caused damage to Plaintiffs as previously alleged herein.

31. In conspiring to breach the fiduciary duty of Kerry Dix to Plaintiffs and in doing the acts herein alleged, the Defendants and each of them, acted with fraud, oppression and/or malice and the Plaintiffs are therefore entitled to punitive damages all in an amount according to proof at the time of trial.

## FOURTH CAUSE OF ACTION

(Aiding and Abetting Breach of Fiduciary Duty against all defendants)

32. Plaintiffs repeat, replead and incorporate by reference each and every allegation of paragraphs 1-31 above.

33. Defendants knew of Kerry Dix's conduct and that such conduct constituted a breach of fiduciary duty to plaintiffs and gave Kerry Dix substantial assistance or encouragement to Kerry Dix to act in the manner in which he acted.

34. Defendants gave Kerry Dix substantial assistance in accomplishing a wrongful result and Defendants' conduct constituted a separate breach of duty to plaintiffs herein.

35. Defendants' conduct as alleged herein constitutes aiding and abetting Kerry Dix's breach of fiduciary duty to plaintiffs.

36. In aiding and abetting the breach the fiduciary duty of Kerry Dix to Plaintiffs and in doing the acts herein alleged, the Defendants and each of them, acted with fraud, oppression and/or malice and the Plaintiffs are therefore entitled to punitive damages all in an amount according to proof at the time of trial.

<u>FIFTH CAUSE OF ACTION</u>

(Conspiracy to commit Fraud against all defendants)

37. Plaintiffs repeat, replead and incorporate by reference each and every allegation of paragraphs 1-36 above.

38. Kerry Dix committed fraud by his misuse of the DSPA as alleged herein. Kerry Dix and Defendants entered into an agreement with the intent to agree or conspire and the intent to commit wrongful acts, namely a fraud on Plaintiffs herein.

39. Defendants, as coconspirators with Kerry Dix and each other, conduct caused damage to Plaintiffs as previously alleged herein.

40. In conspiring with Kerry Dix to commit fraud on Plaintiffs and in doing the acts herein alleged, the Defendants and each of them, acted with fraud, oppression and/or malice and the Plaintiffs are therefore entitled to punitive damages all in an amount according to proof at the time of trial.

<u>SIXTH CAUSE OF ACTION</u>

(Aiding and abetting fraud against all defendants)

41. Plaintiffs repeat, replead and incorporate by reference each and every allegation of paragraphs 1-40 above

42. Defendants knew of Kerry Dix's conduct and that such conduct constituted a fraud on plaintiffs and gave Kerry Dix substantial assistance or encouragement to Kerry Dix to act in the manner in which he acted.

43. Defendants gave Kerry Dix substantial assistance in accomplishing a wrongful result and Defendants' conduct constituted a separate breach of duty to plaintiffs herein.

44. Defendants' conduct as alleged herein constitutes aiding and abetting Kerry Dix's fraud on plaintiffs.

45. In aiding and abetting Kerry Dix to commit fraud on Plaintiffs and in doing the acts herein alleged, the Defendants and each of them, acted with fraud, oppression and/or malice and the Plaintiffs are therefore entitled to punitive damages all in an amount according to proof at the time of trial.

<u>SEVENTH CAUSE OF ACTION</u>

(Conversion against all defendants)

46. Plaintiffs repeat, replead and incorporate by reference each and every allegation of paragraphs 1-45 above.

47. At the close of escrow defendant Kessel and/or APM was wrongfully paid loan buy-down and/or loan discount and/or other fees totaling approximately $1,600,000 as part of the closing of the acquisition of the River Colony project. Said funds rightfully belonged to Plaintiffs and defendants' had no rights to said funds. Defendants had no rightful entitlement to said funds and wrongfully collected said funds from escrow and in doing so wrongfully converted said funds.

48. Shortly after the close of escrow Defendants BAYVIEW INC, BAYVIEW LP and/or BFTG withdrew funds from reserves held for payments of the loans for the period June 1, 1997 through July 3, 1997, a time period prior to the funding of the loans for the acquisition of the River Colony project. Defendants had no rightful entitlement to said funds and wrongfully converted said funds without the permission and approval of plaintiffs.

49. In intentionally and wrongfully converting funds belonging to Plaintiffs and in doing the acts herein alleged, the Defendants and each of them, acted with fraud, oppression

and/or malice and the Plaintiffs are therefore entitled to punitive damages all in an amount according to proof at the time of trial.

WHEREFORE, plaintiffs pray judgment against Defendants as follows:

On all causes of action:

1. For damages in accordance with the proof at trial;

2. For prejudgment interest at the legal rate allow by law;

3. For costs of suit herein incurred;

4. For such other and further relief as the court may deem just and proper; and

On the third, fourth, fifth, sixth and seventh causes of action:

5. For punitive and exemplary damages in an amount in accordance with the proof presented at trial.

Dated: February 26, 2001

THOMPSON & THOMPSON, APC

By: [signature]
Peter R. Thompson
Attorney for Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

TO:
PETER R THOMPSON (P)

**FILE COPY**

| | |
|---|---|
| RIVER COLONY ESTATES GENERAL PARTNER<br>Plaintiff(s)<br><br>vs.<br><br>BAYVIEW FINANCIAL TRADING GROUP INC<br>Defendant(s) | Case No.: GIC762952<br><br>**NOTICE OF CASE ASSIGNMENT**<br><br>Judge: WILLIAM C. PATE<br>Department: 60<br>Phone: 619-685-6050<br>This case IS eligible to participate in a pilot mediation program. |

COMPLAINT FILED 02/26/01

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SUPCT CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document. (Rule 5.6)

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.) (Rule 5.7)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (Rule 5.8)

**CASE MANAGEMENT CONFERENCE:** A Case Management Conference will be set within 150 days of filing the complaint.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN MEDIATION OR ARBITRATION PURSUANT TO CCP 1730 OR 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO MEDIATION UNDER THE MEDIATION PILOT PROGRAM, OR TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SUPCT CIV-357 OR 358 PRIOR TO THAT HEARING.

ALSO SEE THE ATTACHED NOTICE TO LITIGANTS.

**CERTIFICATE OF SERVICE**

I, STEPHEN THUNBERG, certify that: I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by personally handing it to the attorney or their personal representative at SAN DIEGO California.

Dated: 02/26/01

STEPHEN THUNBERG Clerk of the Superior Court
by S. BRISTOW, Deputy Clerk

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Peter R. Thompson, Esq. (SBN 90687)
THOMPSON & THOMPSON, APC
550 West "C" Street, Suite 950
San Diego, CA 92101

TELEPHONE NO.: (619) 233-7528 FAX NO.: (619) 233-7535
ATTORNEY FOR (Name): Pts. River Colony, et al.

FOR COURT USE ONLY

FILED
STEPHEN THUNBERG
Clerk of the Superior Court
MAR - 6 2001
By: D. HOWARD, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

- [ ] COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
- [x] HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- [ ] FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296
- [ ] MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- [ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
- [ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- [ ] RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- [ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
- [ ] JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

PLAINTIFF(S) River Colony Estates, et al.

DEFENDANT(S) Bayview Financial Trading Group, Inc.

JUDGE: William C. Pate

IN THE MATTER OF

A MINOR

DEPT: 60

CASE NUMBER
GIC 762952

**PEREMPTORY CHALLENGE**
**(CCP 170.6; Superior Court Rules, Division II, Rule 5.6)**

Peter R. Thompson, is [ ] a party [x] an attorney for a party in the above-entitled case and declares that William C. Pate, the Judge to whom this case is assigned, is prejudiced against the party or the party's attorney or the interests of the party or the party's attorney such that the said party or parties believe(s) that a fair and impartial trial or hearing cannot be had before such Judge.

WHEREFORE, pursuant to the provisions of §170.6 of the California Code of Civil Procedure, I respectfully request that this Court issue its order reassigning said case to another, and different, Judge for further proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

THOMPSON & THOMPSON, APC

Dated: March 6, 2001

(Signature)
Peter R. Thompson, Esq.

**ORDER OF THE COURT**

[x] GRANTED [ ] DENIED

This case is referred to Presiding/Supervising Department for reassignment and a Notice will be mailed to counsel.

Dated: Mar. 7, 2001

WILLIAM C. PATE
Judge of the Superior Court

**FOR OFFICE USE ONLY**

This case has been reassigned to Judge J. Richard Haden per Presiding/Supervising Judge Kenneth So on April 26, 2001.

SDSC CIV-249 (Rev. 5-00) **PEREMPTORY CHALLENGE** SD-249

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

330 W. Broadway, Dept. 72
San Diego, CA 92101
619-685-6027

TO:

**FILE COPY:** PAGE 1 OF 1

1 NOTICE PREPARED

| | |
|---|---|
| RIVER COLONY ESTATES GENERAL PARTN<br>Plaintiff(s)<br><br>vs.<br><br>BAYVIEW FINANCIAL TRADING GROUP IN<br>Defendant(s) | Case No.: GIC762952<br><br>**NOTICE OF CASE REASSIGNMENT**<br>**DUE TO CHALLENGE, RECUSAL OR SPECIAL ASSIGNMENT** |

COMPLAINT FILED 02/26/01

EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED TO THE INDEPENDENT CALENDAR PROGRAM WITH JUDGE J. RICHARD HADEN, DEPARTMENT 72, 619-685-6027.

ALL SUBSEQUENT DOCUMENTS FILED IN THIS CASE MUST INCLUDE THE NAME OF THE NEW JUDGE AND THE DEPARTMENT NUMBER ON THE FIRST PAGE IMMEDIATELY BELOW THE NUMBER OF THE CASE. ALL COUNSEL AND PARTIES IN PRO PER ARE ADVISED THAT DIVISION II OF THE SUPERIOR COURT RULES IS STRICTLY ENFORCED. IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

UNLESS NOTIFIED OTHERWISE, ALL PENDING DATES ARE VACATED. PLEASE RESCHEDULE ANY CURRENTLY PENDING MOTIONS OR EX PARTE HEARINGS IN THE NEW DEPARTMENT.

**CERTIFICATE OF SERVICE**

I, STEPHEN THUNBERG, certify that: I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by placing a true copy in a separate envelope, addressed as shown; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at San Diego, California.

Dated: 04/27/01

STEPHEN THUNBERG Clerk of the Superior Court
by LINDA CRAIG, Deputy Clerk

PETER R THOMPSON
THOMPSON & THOMPSON, APC
550 WEST C ST., STE. 950
SAN DIEGO, CA 92101



SUPCT CIV-723(Rev 2-00) REA-NOTICE OF CASE REASSIGNMENT

lc/

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

330 W. Broadway, Dept. 72
San Diego, CA 92101
619-685-6027

TO:

**FILE COPY:** PAGE 1 OF 1

1 NOTICE PREPARED

| | |
|---|---|
| ...VER COLONY ESTATES GENERAL PARTN<br>Plaintiff(s)<br><br>vs.<br><br>BAYVIEW FINANCIAL TRADING GROUP IN<br>Defendant(s) | Case No.: GIC762952<br><br>**NOTICE OF FAILURE TO COMPLY**<br><br>Sanctions pursuant to C.C.P. 575.2 and 177.5 will be before the Court. |

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above. All inquiries regarding this notice should be referred to the court and phone number listed above.

| TYPE OF HEARING | DATE | TIME | REPORT TO JUDGE |
|---|---|---|---|
| Failure to File Certificate of Service | 06/05/01 | 08:45AM | J. RICHARD HADEN |

The hearing will be cancelled if BOTH of the following occur prior to 05/23/01 :

1) File the above document.
2) Stipulate to and pay a sanction in the amount of $50, payable to "San Diego Superior Court", **WITH A COPY OF THIS NOTICE**, in the Accounting Division of the Superior Court.

If you are unable to comply with the above, appearance at the hearing is mandatory.

PETER R THOMPSON, Esq. is the counsel being sanctioned.

**CERTIFICATE OF SERVICE**

I, STEPHEN THUNBERG, certify that: I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by placing a true copy in a separate envelope, addressed as shown; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at San Diego , California.

Dated: 05/09/01

STEPHEN THUNBERG Clerk of the Superior Court
by LINDA CRAIG, Deputy Clerk

PETER R THOMPSON
THOMPSON & THOMPSON, APC
550 WEST C ST., STE. 950
SAN DIEGO, CA 92101



SUPCT CIV-710(Rev. 7-94) FTC-NOTICE OF FAILURE TO COMPLY

47

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CALENDAR NO. 8

| NUMBER | COMPLAINT DATE | HEARING DATE | HEARING TIME | DEPT | COURT USE ONLY |
|---|---|---|---|---|---|
| GIC762952 | 02/26/01 | 06/05/01 | 08:45AM | 72 | FILED STEPHEN THUNBERG Clerk of the Superior Court JUN 05 2001 By: A. SEAMONS, Deputy |

JUDGE/COMMISSIONER: HON. J. RICHARD HADEN

CLERK: WEAVER/SEAMONS

REPORTER: P.O.BOX 120128, SAN DIEGO, CA 92112-0128 CSR #

PLAINTIFF/PETITIONER: RIVER COLONY ESTATES GENERAL PARTN

DEFENDANT/RESPONDENT: BAYVIEW FINANCIAL TRADING GROUP IN

The above matter came on for hearing with the below appearances for:

OSC RE FAILURE TO FILE CERTIFICATE OF SERVICE

| ATTORNEY OF RECORD | PHONE | APPEARANCE BY |
|---|---|---|
| PETER R THOMPSON (P) | 619-233-7528 | Peter Thompson |
| | | |
| | | |

(add'l signatures - use attached sheet)

IT IS ORDERED AS FOLLOWS:

☐ Document filed, case on track

☑ Resume monitoring on 7/5/01. CERT OF SRVC filed on or before the date set to resume monitoring.

☑ Noticed sanction of $50.00 ~~upheld~~/suspended. - Good CAUSE

☐ Court orders additional sanctions in the sum of $ ________ against ________ payable to "San Diego Superior Court" by ________ Reason: ________

☐ Ordered dismissed with/without prejudice.

☐ Dismissal to be filed with/without prejudice within 45 days

☐ Case deemed limited / unlimited .

☐ Plaintiff ☐ Defendant is ordered to pay the fees and costs of transfer by ________

☐ Motion to set aside default granted/denied. ☐ ________ pay ________ the sum of $ ____

☐ The Court sets an Order to Show Cause for failing to appear as noticed by the Court for today's proceeding. The Order to Show Cause is set for ________ at ________ in Dept. ____

☐ Other Orders: ________

IT IS SO ORDERED:

Dated: 06/05/01

J. Richard Haden
JUDGE/COMMISSIONER OF THE SUPERIOR COURT

SUPCT CIV-702(Rev. 10-99) OSC-MINUTES/ORDER OF THE COURT

Peter R. Thompson, Esq.
State Bar #96187
THOMPSON & THOMPSON, APC
550 West "C" Street, Suite 950
San Diego, California 92101
Telephone: (619) 233-7528
Telecopier: (619) 233-7535

FILED
CIVIL DIVISION
2001 JUL -5 P 2:50
JUL 5 '01 PM 2:39

Attorneys for Plaintiffs
RIVER COLONY ESTATES GENERAL PARTNERSHIP,
RIVER COLONY (U.S.) LIMITED PARTNERSHIP, RIVER COLONY MANAGEMENT, INC., and the individual investors

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

RIVER COLONY ESTATES GENERAL PARTNERSHIP, a California General Partnership, et al.

Plaintiffs,

vs.

BAYVIEW FINANCIAL TRADING GROUP, INC., a Florida Corporation; BAYVIEW FINANCIAL TRADING GROUP, L.P., a Delaware Limited Partnership; BFTG HOLDING COMPANY, INC., a Florida Corporation; AMERICAN PORTFOLIO MORTGAGE CORPORATION, a Nevada Corporation; PAUL KESSEL, INDIVIDUALLY; AND DOES 1 THROUGH 50, INCLUSIVE,

Defendants.

CASE NO. GIC 762952

DECLARATION OF PETER R. THOMPSON IN SUPPORT OF CERTIFICATE OF INABILITY TO RESPOND

Dept: 72
I/C: Honorable J. Richard Haden
Action Filed: 02/26/01

I, Peter R. Thompson, declare:

1. I am an attorney at law licensed to practice before all courts of this state. I am the attorney of record for plaintiffs in this matter. The facts stated in this declaration are within my own personal knowledge and if called as a witness I could competently testify thereto.

////

2. As discussed with the Court at the hearing on June 5, 2001, I was waiting for the final list of plaintiffs to see who "opted out" of the litigation. I received the final list on or about June 20, 2001. I then redrafted the complaint and filed the First Amended Complaint on June 29, 2001, as discussed with the court at the last hearing on June 5, 2001. I immediately sent the documents out for service as follows:

a. Defendants Bayview Financial Trading Group, Inc., Bayview Financial Trading Group, LP and BFTG Holding Company, Inc. were sent to Florida;

b. Defendant American Portfolio Mortgage Corporation was sent to Nevada; and

c. Defendant Paul Kessel was sent to Illinois.

3. Plaintiffs are experiencing difficulty serving some of the parties due to the July 4th holiday.

4. Plaintiffs are requesting a one week extension and if all the parties have not been served by July 10, 2001, I will schedule an ex parte hearing to discuss the matter of service further with the Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing information is true and correct. Executed on July 3, 2001, in San Diego, California.

Peter R. Thompson

ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, state bar number and address*): TELEPHONE AND FAX NOS.:

Peter R. Thompson, Esq. (SB#96187)
THOMPSON & THOMPSON, APC (619) 233-7528
550 West C Street, Suite 950 (619) 233-7535
San Diego, CA 92101

ATTORNEY FOR (*Name*): Plts. River Colony Estates, et al.

*FOR COURT USE ONLY*

FILED CIVIL DIVISION
2001 JUL -5 P 2:50

STEPHEN ... CLERK ... COURT ... CA
JUL 5 '01 PM 2:38

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

☒ CENTRAL COURT, 220 W. BROADWAY, SAN DIEGO, CA 92101-3409
☐ NORTH COUNTY BRANCH, 325 S. MELROSE, VISTA, CA 92083-6627
☐ EAST COUNTY COURT, 250 E. MAIN, EL CAJON, CA 92020-3913
☐ SOUTH BAY COURT, 500 THIRD, CHULA VISTA, CA 91910-5694

PLAINTIFF(S)/PETITIONER(S)

RIVER COLONY ESTATES GENERAL PARTNERSHIP, ET AL.

DEFENDANT(S)/RESPONDENT(S)

BAYVIEW FINANCIAL TRADING GROUP, INC., ET AL.

**CERTIFICATE OF:**
**PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT**
**(Coordinated Rules, Division II, Rules 5.6, 5.7, 5.8, 10.3)**

CASE NUMBER
GIC 762952

MUST BE FILED ON COURT APPROVED NCR FORM WITH A STAMPED, SELF-ADDRESSED ENVELOPE OR MESSENGER SERVICE SLIP.

☒ I/C JUDGE J. RICHARD HADEN ☐ MASTER CALENDAR DEPT 72

The ☒ plaintiff(s) ☐ defendant(s) in the above-entitled case, by and through their attorney(s) PETER THOMPSON certify that: (CHECK ONLY ONE BOX)

3C1 ☒ Plaintiff has been unable to serve the complaint on defendant(s) all defendants.
(May list more than one defendant).

3C1 ☐ Plaintiff requests stay under claim for uninsured/underinsured as to: ________
(ALL or list individual(s)).

5 ☐ Defendant was served on ________, and is unable to answer or otherwise respond.

3C8 ☐ Plaintiff served defendant on ________, but was unable to request entry of default.

Therefore, it is requested that the time be extended until 7/10/01 for filing of a(n):

☒ CERTIFICATE OF SERVICE (SUPCT 345)
☐ ANSWER OR OTHER DEFENDANT APPEARANCE
☐ REQUEST FOR ENTRY OF DEFAULT (SUPCT CIV-204)

Reason(s): Service is currently out on all defendants in the States of Florida, Nevada, and Illinois. Plaintiffs are experiencing difficulty in serving some of the parties. A week extension is requested and if all the parties have not been served, I will schedule an ex parte hearing to discuss the status of service with the court.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

DATED: July 5, 2001

[signature]
SIGNATURE OF ATTORNEY(S) Peter R. Thompson

**FOR COURT USE ONLY**

☒ EXTENSION GRANTED - DOCUMENT CHECKED ABOVE SHALL BE FILED NOT LATER THAN: JUL 10 2001

☐ EXTENSION DENIED - THIS MATTER IS SET FOR HEARING ON: ________ AT: ________ M. DEPT ________
☐ INSUFFICIENT REASON FOR DELAY OF CASE.
☐ OBTAIN ORDER FOR PUBLICATION IMMEDIATELY.

DATED: JUL 05 2001

[signature]
J. Richard Haden JUDGE OF THE SUPERIOR COURT

☐ NOTICE TO COUNSEL REQUESTING EXTENSION: After Court's decision, you must serve a copy of this certificate on all counsel concerned.

**CERTIFICATE OF:** (51)
**PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): TELEPHONE AND FAX NOS (619) 233-7528

Peter R. Thompson, Esq.
THOMPSON & THOMPSON, APC
550 West "C" Street, Suite 950
San Diego, CA 92101

Fax No.: (619) 233-7535

ATTORNEY FOR (Name): Pts. River Colony Estates, et al.
Bar No.: 096187

COURT USE ONLY

FILED

JUL 10 PM 4:28

CLERK'S SUPERIOR COURT SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

[X] CENTRAL COURT, 220 W. BROADWAY, SAN DIEGO, CA 92101-3409
[ ] NORTH COUNTY BRANCH, 325 S. MELROSE DR., VISTA, CA 92083-6627
[ ] EAST COUNTY COURT, 250 E. MAIN ST., EL CAJON, CA 92020-3913
[ ] SOUTH BAY COURT, 500 3RD AVE., CHULA VISTA, CA 91910-5694

PLAINTIFF(S) River Colony Estates, et al.

DEFENDANT(S) Bayview Financial Trading Group, Inc.

JUDGE J. Richard Haden

DEPT 72

CASE NUMBER GIC 762952

## CERTIFICATE OF SERVICE
**(Coordinated Rules, Division II, Rule 5.6)**

I certify under penalty of perjury under the laws of the State of California that all defendants named in the complaint of the above-entitled case have either made a general appearance or have been properly and timely served in compliance with Coordinated Rules of the Superior and Municipal Courts, San Diego County, Division II, Rule 5.6.

Date: July 10, 2001

Signature

Peter R. Thompson
Typed or printed name

NOTES:

Service cannot be effected on all defendants within 60 days of filing the complaint, DO NOT USE THIS CERTIFICATE, but file the form CERTIFICATE OF PROGRESS (SUPCT CIV-144) stating the reasons why service has not been effected on all parties and what is being done to effect service.

THE FILING OF A GENERAL APPEARANCE BY A DEFENDANT DOES NOT DISPENSE WITH THE PLAINTIFF'S OBLIGATION TO FILE THIS DOCUMENT.

# PROOF OF SERVICE BY PERSONAL SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1524 Pizarro Street, Los Angeles, California 90026.**

On **August 2, 2001**, I served the foregoing document(s) described as:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)**

on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Peter R. Thompson, Esq.
THOMPSON & THOMPSON, APC
550 West "C" Street, Suite 950
San Diego, California 92101

☐ **(BY MAIL)**

☐ I deposited such envelope in the mail at Santa Monica, California. The envelope was mailed with postage thereon fully prepaid.

☐ I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Santa Monica, California, in the ordinary course of such business.

☒ **(BY PERSONAL SERVICE)**
I delivered such envelope by hand to the offices of the addressee. Executed on **August 2, 2001**, at Santa Monica, California.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on **August 2, 2001**, at Santa Monica, California.

Arbi Abedian
Print Name

[signature]
Signature

+

\\LA-SRV01\CASTNERL\76782v02\29826.012800

## PROOF OF SERVICE BY MAIL

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **2450 Colorado Avenue, Suite 400E, Santa Monica, CA 90404.**

On **August 2, 2001**, I served the foregoing document(s) described as:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)**

on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Grant Fortson, Esq.
LAX, VAUGHAN, EVANS & FORTSON, P.A.
400 West Capitol Avenue, 24th Floor
Little Rock, Arkansas 72201

☒ **(BY MAIL)**

☒ I deposited such envelope in the mail at Santa Monica, California. The envelope was mailed with postage thereon fully prepaid.

☒ I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Santa Monica, California, in the ordinary course of such business.

☐ **(BY FEDERAL EXPRESS)**
I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for delivery by Federal Express. Under the practice it would be deposited with Federal Express on that same day with postage thereon fully prepared at Santa Monica, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if delivery by Federal Express is more than one day after date of deposit with

☒ **(FEDERAL)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on **August 2, 2001**, at Santa Monica, California.

MARK ANTHONY

(Rev 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS

RIVER COLONY ESTATES GENERAL PARTNERSHIP, a California General Partnership; et al.,

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Peter R. Thompson, Esq.
THOMPSON & THOMPSON, APC
550 West "C" Street, Suite 950
San Diego, California 92101
Tel: (619) 233-7528

## DEFENDANTS

BAYVIEW FINANCIAL TRADING GROUP, INC., a Florida corp.; BAYVIEW FINANCIAL TRADING GROUP, L.P., a Delaware limited partnership; ~~BTFG HOLDING~~ COMPANY, INC., a Florida corp.; AMERICAN PORTFOLIO MORTGAGE CORP., a Nevada corp.; PATTI KASS...

FILED
01 AUG -2 PM 4:07
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT MIAMI DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

ATTORNEYS (IF KNOWN)

*SEE ATTACHMENT

'01 CV 1420 IEG (CGA)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- X 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | X 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | X 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. §§ 1332(a), 1441 and 1446 - diversity of citizenship

28:1332ct-rc

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- X 190 Other Contract
- 195 Contract Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

**PERSONAL INJURY**
- 362 Personal Injury - Medical Malpractice
- 365 Personal Injury - Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 440 Other Civil Rights

**PRISONER PETITIONS**
- 510 Motion to Vacate Sentence
- HABEAS CORPUS:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Conditions

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs.
- 660 Occupational Safety/Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt. Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- 400 State Reappointment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- 1 Original Proceeding
- X 2 Removal from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 1,600,000

CHECK YES only if demanded in complaint:
JURY DEMAND: YES X NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE ______ Docket Number ______

DATE 8/2/01

SIGNATURE OF ATTORNEY OF RECORD Laura L. Castro

*Counsel for Defendants ~~Defts. Bayview Financial~~ Trading Group, et al

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

Receipt 73756 $150

ORIGINAL

***River Colony Estates General Partnership, et al. v. Bayview Financial Trading Group, Inc., et al.***

## ATTACHMENT TO CIVIL COVER SHEET

**ITEM I(c): Counsel for Defendants:**

**GREENBERG TRAURIG, LLP**
LAURA D. CASTNER (SBN 172362)
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

**GREENBERG TRAURIG, P.A.**
PEDRO J. MARTINEZ-FRAGA
MICHELLE A. FONGYEE
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

Attorneys for Defendants
BAYVIEW FINANCIAL TRADING GROUP, INC.,
BAYVIEW FINANCIAL TRADING GROUP, L.P., and
BFTG HOLDING COMPANY, INC.

**LAX, VAUGHAN, EVANS & FORTSON, P.A..**
GRANT FORTSON.
400 West Capitol Avenue, 24th Floor
Little Rock, Arkansas 72201
Telephone: (501) 376-6565
Facsimile: (5010) 376-6666

**GREENBERG TRAURIG, LLP**
LAURA D. CASTNER (SBN 172362)
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Defendants
AMERICAN PORTFOLIO MORTGAGE
CORPORATION and PAUL KESSEL

# PROOF OF SERVICE BY PERSONAL SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1524 Pizarro Street, Los Angeles, California 90026.**

On **August 2, 2001**, I served the foregoing document(s) described as:

**CIVIL COVER SHEET**

on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Peter R. Thompson, Esq.
THOMPSON & THOMPSON, APC
550 West "C" Street, Suite 950
San Diego, California 92101

☐ **(BY MAIL)**

☐ I deposited such envelope in the mail at Santa Monica, California. The envelope was mailed with postage thereon fully prepaid.

☐ I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Santa Monica, California, in the ordinary course of such business.

☒ **(BY PERSONAL SERVICE)**
I delivered such envelope by hand to the offices of the addressee. Executed on **August 2, 2001**, at Santa Monica, California.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 2, 2001**, at Santa Monica, California.

______________________________
Print Name

______________________________
Signature

## PROOF OF SERVICE BY MAIL

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **2450 Colorado Avenue, Suite 400E, Santa Monica, CA 90404.**

On **August 2, 2001**, I served the foregoing document(s) described as:

**CIVIL COVER SHEET**

on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Grant Fortson, Esq.
LAX, VAUGHAN, EVANS & FORTSON, P.A.
400 West Capitol Avenue, 24th Floor
Little Rock, Arkansas 72201

☒ **(BY MAIL)**

☒ I deposited such envelope in the mail at Santa Monica, California. The envelope was mailed with postage thereon fully prepaid.

☒ I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Santa Monica, California, in the ordinary course of such business.

☐ **(BY FEDERAL EXPRESS)**
I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for delivery by Federal Express. Under the practice it would be deposited with Federal Express on that same day with postage thereon fully prepared at Santa Monica, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if delivery by Federal Express is more than one day after date of deposit with Federal Express.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 2, 2001**, at Santa Monica, California.

MARK ANTHONY